DWIGHT JOHNSON et al., Appellants and Respondents, *v.* THE SHELTER ISLAND GROVE AND CAMP MEETING ASSOCIATION, Appellant and Respondent.

Defendant, a corporation, having power under its charter (Chap. 647, Laws of 1872) to purchase and sell real estate, purchased certain lands, and caused the greater part thereof to be laid out and mapped, in accordance with a plan of improvement accepted by the association, into lots, streets, avenues and parks. At a sale of lots there was distributed among those present what purported to be a lithographic copy of the original map. The portion not laid out into streets was marked upon this copy as "The Ramble," and thereon ground was marked out as a site for a chapel. Plaintiffs purchased lots marked out on the map, which was referred to in the deeds. In an action to restrain the association from erecting a hotel on the lot so marked as a chapel site, *held*, that while as to so much of the land designated on the map as public grounds, each purchaser acquired an easement, by implied covenant, as appurtenant to the premises granted, the enjoyment of which defendant could not thereafter abridge, and conceding that the portion designated as "The Ramble" could not be used for other purposes than a ramble or park, yet, as on the map a portion of this was marked out as a site for a building the right to erect a building thereon was expressly reserved; that the mere fact that this site was designated on the map as a chapel, did not constitute an implied covenant that no other than a building for religious purposes should be erected thereon, and without a covenant, express or implied, defendant had the right to devote a structure erected on the site to other purposes; and, therefore, in the absence of evidence that the change of use will abridge the enjoyment of plaintiffs' easement, they could not maintain their action.

Upon a motion for an extra allowance the moving papers did not attempt to show the value of the alleged easement. *Held*, that granting the motion was error; that the easement being the subject-matter involved in the litigation, its value was the only proper basis of an allowance.

Reported below, 47 Hun, 374.

(Argued June 11, 1890; decided October 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1888, which affirmed a judgment in favor of the defendant entered upon a decision of the court on trial at Special Term, and reversed an order granting an extra allowance.

Statement of case.

The nature of this action and the facts, so far as material, are stated in the opinion.

*Joshua W. Van Cott* for plaintiffs.   An easement in "The Ramble" was created both by way of grant and by way of estoppel. (2 Kent's Comm. 540; Washb. on Eas. [4th ed.] chap. 1, § 5; 2 Dillon on Mun. Corp. [3d ed.] chap. 17, §§ 626–643; *Hills* v. *Miller*, 3 Paige, 254; *Trustees, etc.,* v. *Cowen,* 4 id. 510; *Barrow* v. *Richard,* 8 id. 531; *Hunter* v. *Trustees, etc.,* 6 Hill, 407; *Sill* v. *Village of Lansingburgh,* 16 Barb. 107; *City of Cincinnati* v. *White,* 6 Pet. 431; *Barclay* v. *Howell,* Id. 498; *New Orleans* v. *United States,* 10 id. 662; *City of Oswego* v. *C. Co.,* 8 N. Y. 259; *Child* v. *Chappell,* 11 id. 246; *Cady* v. *Conger,* 19 id. 253; *Cook* v. *Harris,* 61 id. 454; *Ward* v. *Davis,* 3 Sandf. 502, 520; *Derby* v. *Town of Ailling,* 40 Conn. 410; *Dummer* v. *Jersey City,* Spencer, 86; *Hoboken Case,* 33 N. J. Eq. 172; *Clark* v. *City of Elizabeth,* 40 id. 172; *Rowan* v. *Town of Portland,* 8 B. Mon. 232; *State* v. *Wilkinson,* 2 Vt. 480; *Pomeroy* v. *Mills,* 3 id. 279; *Abbot* v. *Mills,* Id. 521; *State* v. *Catlin,* Id. 530; *Bartlett* v. *City of Bangor,* 67 Me. 460; *Hawley* v. *City of Baltimore,* 33 Md. 280; *Tingies* v. *Mayor, etc.,* 51 id. 500; *Rich* v. *City of Rock Island,* 5 Biss. 95; *Wyman* v. *Mayor, etc.,* 11 Wend. 501; *Morgan* v. *R. R. Co.,* 96 U. S. 716; 100 id. 578; *Bissell* v. *C. R. Co.,* 23 N. Y. 61; *Talmage* v. *E. R. Bank,* 26 id. 105; *In re Twenty-third St.,* 19 Wend. 128; *In re Twenty-ninth St.,* 1 Hill, 179; *In re Thirty-ninth St.,* 1 id. 191, 192; *Dickerson* v. *Colgrove,* 100 id. 578, 584; *Newman* v. *Nellis,* 97 N. Y. 285; *Badeau* v. *Mead,* 14 Barb. 322; Washb. on Eas. § 3; Bishop's Non-contract Law, § 863; *B. R. Co.* v. *Ross,* L. R. [38 Ch. Div.] 295; *Mackenzie* v. *Childers,* L. R. [43 Ch. Div.] 265; *Spicer* v. *Martins,* L. R. [14 H. L. Cas.] 12; *Myers* v. *Catturson,* L. R. [43 Ch. Div.] 470; *Raynor* v. *Lyon,* 46 Hun, 227; L. R. [34 Ch. Div.] 1; *Wetmore* v. *Bruce,* 118 N. Y. 318.)   When there is a special verdict or the facts are specially found by the court, and a wrong judgment is entered thereon, the appellate court

reverses and renders the appropriate judgment. (*Lee* v. *Vil. of Sandy Hill*, 40 N. Y. 442, 453; 66 id. 506, 517; 11 Hun, 490; *Jackson* v. *Andrews*, 59 N. Y. 244; *Beach* v. *Cooke*, 28 id. 509; *Marquat* v. *Marquat*, 12 id. 336; 44 id. 172, 192; L. R. [Q. B. Div.] 581–583; L. R. [5 P. C. App.] 263, 276; 5 Otto, 356, 359; 37 N. Y. 78, 98; 55 id. 456; 68 id. 345, 355; Id. 610, 613; 112 U. S. 150; *Allen* v. *S. L. Bank*, 120 id. 20; *Fort Scott* v. *Hickman*, 112 id. 150.) No case was made for an additional allowance. (Code Civ. Pro. § 3253; *Connaughty* v. *S. C. Bank*, 92 N. Y. 401–404; *Lattimore* v. *Livermore*, 72 id. 174; *People* v. *S. I. F. Co.*, 68 id. 71; *People* v. *Giroux*, 29 Hun, 248; *A. D. Co.* v. *Libby*, 45 N. Y. 499.)

*William C. De Witt* for defendant. No such easement as that set forth in the complaint is known to or cognizable by the law on real property, except where it has been created by express grant. (*Pearsall* v. *Post*, 20 Wend. 135; Crabbe on Real Prop. 384, § 446; 2 Roscoe on Real Actions, 354; *Parker* v. *Forte*, 9 Wend. 308, 315; *Van Rensselaer* v. *Radcliff*, 10 id. 649; 2 Washb. on Real Prop. 287; *Ward* v. *Davis*, 3 Sandf. 502.) The dedication, if any, having been of the lands to be public grounds, it was revocable at any time before acceptance by the public, and it was so revoked by the indorsement put upon its maps by the association under conclusive authority. (*N. F. S. Bridge* v. *Backman*, 66 N. Y. 261, 268; *Ward* v. *Davis*, 3 Sandf. 517; *Lee* v. *Village of Sandy Hill*, 40 N. Y. 442, 450; *Pitcher* v. *N. Y. & E. R. R. Co.*, 50 Sandf. 599; *Jones* v. *Percival*, 5 Pick, 485; *Van Rensselaer* v. *Radcliff*, 10 Wend. 639, 654; *Johnson* v. *Kinnecutt*, 2 Cush. 153–156; *Green* v. *N. Y. C. R. R. Co.*, 12 Abb. [N. C.] 142; *Drake* v. *H. R. R. Co.*, 7 Barb. 508.) A court of equity should not interpose in this case; plaintiffs should be left to their remedy at law. (*Irwin* v. *Dixon*, 6 How. [U. S.] 10.) A claim for an easement must be founded upon a grant, by deed or writing, or upon prescription which supposes one, for it is a permanent inter-

Opinion of the Court, per PARKER, J.

est in another's land with a right at all times to enter and enjoy it. (3 Kent's Comm. 452 ; 2 Washb. on Real Prop. 277, 287 ; *Mumford* v. *Whitney*, 15 Wend. 392 ; *Atty.-Gen.* v. *Doughty*, 2 Ves. 453 ; *Parker* v. *Foote*, 19 Wend. 309–316.) The making and publication of a plan for the improvement of lands, consisting of maps, etc., by which property is laid out into lots, streets, parks and squares, does not, as to portions unplotted and undesignated, work a dedication thereof to the detriment of the fee of the owner. (*Strong* v. *City of Brooklyn*, 58 N. Y. 16 ; *Feaffes* v. *Gibson*, 2 Dow. 301 ; *Squire* v. *Campbell*, 13 Eng. Ch. Rep. 458 ; *Jones* v. *Percival*, 5 Pick. 484.) The symbol on the map annexed to the complaint is utterly inadequate for any purpose of dedication. (*Barraclough* v. *Johnson*, 8 A. & E. 99 ; *Holdam* v. *Village of Cold Springs*, 21 N. Y. 477 ; *Cook* v. *Harris*, 61 id. 448 ; *Carpenter* v. *Fywim*, 35 Barb. 335 ; *N. F. S. B. Co.* v. *Buchanan*, 66 N. Y. 269 ; *Badeau* v. *Mead*, 14 Barb. 339 ; *Freisman* v. *Hucksing*, 84 N. Y. 31.) There never was any declaration or act dedicating or subjecting the lands in question to use as a ramble or park for which the defendants were responsible to the plaintiffs, or upon which they can be estopped. (Willard on Real Estate & Con. 369 ; *Heane* v. *Rogers*, 9 B. & C. 577 ; *Wallis* v. *Truesdell*, 6 Pick. 455 ; *Drezell* v. *Odell*, 3 Hill, 225 ; *N. F. B. Co.* v. *Backman*, 66. N. Y. 276 ; *Padgett* v. *Lawrence*, 10 Paige, 176–181 ; *Pitcher* v. *N. Y. & E. R. R. Co.*, 5 Sandf. 587, 593 ; *Ward* v. *Davis*, 3 id. 511 ; 3 Washb. on Real Prop. 69 ; *Wiseman* v. *Lucksinger*, 81 N. Y. 41, 42 ; *S. V. O. Asylum* v. *Troy*, 76 id. 100 ; *Irwin* v. *Dixon*, 9 How. [U. S.] 32.) The findings of the trial judge upon the facts, affirmed by the General Term, warranted by evidence are conclusive upon this court, and they are obviously fatal to the appellants. (*Stillwell* v. *N. L. Ins. Co.*, 72 N. Y. 385–388.)

PARKER, J. The plaintiffs, by means of this action, seek to restrain the defendant from erecting upon lands to which it has title a building to be used for hotel purposes, upon the

ground that it will interfere with the enjoyment of an easement which the plaintiffs, as grantees of the defendant, claim to have acquired in the premises.

In 1871 several persons united in the purchase of about 300 acres of land on Shelter island, bounded by Greenport bay, Derring harbor, Chase's creek and a line running from Chase's creek to Greenport bay.

Thereafter such associate purchasers were incorporated by chapter 647 of the Laws of 1872. Before selling any portion of the lands the defendants employed a landscape gardener to devise a plan of improvements for the settlement, and to prepare a map representing such plan and lay-out. With slight alterations the plan prepared by him for the improvement of the grounds was adopted by the defendant. It embraced streets, avenues and parks, and contemplated the erection of hotels, cottages and other buildings suitable for the enjoyment of the several members of the desired community. Shortly thereafter a sale of lots took place on the grounds of the association, at which time there were distributed among the persons present what purported to be a lithographic copy of the original map and plan. Subsequently a form of deed was adopted by the association which was intended to secure to the purchasers of lots the proper use and enjoyment of the streets, avenues and parks, and to the association the benefit to result from the construction of dwelling-houses thereon. The deeds recited the granting of all that certain lot and parcel of land situated on Shelter island in the town of Shelter Island, in the county of Suffolk and state of New York, known and designated on a map on file in the office of the clerk of the county of Suffolk, entitled a "plan of improvements for the Shelter Island Grove Association, by Morris R. Copeland, as lot No.," etc. Now, as to so much of the lands designated upon said map as appropriated to the use of the Shelter Island Community as public grounds, whether designated as streets, avenues, parks or places, each purchaser of a lot acquired therein distinct and independent rights by implied covenant as appurtenant to the premises granted; an easement, the enjoyment of which the

defendant could not thereafter abridge. (*Lennig* v. *Ocean City Association*, 56 Am. Rep. 16.)

But the map on file, and made a part of the deed by reference, did not designate any portion of what is known throughout this case as "The Ramble" as public grounds.

The conveyances, therefore, do not in terms purport to grant to these plaintiffs an easement in "The Ramble." But it is insisted, on the part of the appellants, that the facts found establish an easement therein by way of equitable estoppel. The plan of improvements embraced all of defendant's purchase, except about fifty acres, the surface of which, in the main, consisted of precipitous hills broken by deep ravines, and it was not deemed feasible, in the early stages of the enterprise, to make use of it for building purposes.

And it was a portion of this tract which the plaintiffs insist was embraced in the original plan of improvements as public grounds. And in support of their claim is presented the finding that the president so stated to two or more of the purchasers, which statement appears to have been privately made and without the authorization of the defendant's trustees, together with the fact that photo-lithographic maps, handed to the purchasers at the place in controversy, contained the words "The Ramble," and also certain marks which it is urged was the symbol adopted by the defendant association to indicate public grounds. The trial court, in appropriate findings, expressed the conclusion that the small lines or dots, of which the so-called symbol appearing upon the photo map was composed, were not intended to indicate that the lands had been devoted to the use of the Shelter Island Community. Such, too, appears to have been the view of the General Term. And, if the findings in that respect are controlling here, no room remains for the operation of the doctrine of equitable estoppel. For certainly the unauthorized statement of the president of the corporation, privately made to some of the purchasers at a public sale, of the determination of the association as to lands not granted, cannot be effectual for such purpose.

But it is said that the maps containing the alleged symbol designating public grounds are before this court, and, therefore, it can and should determine its purpose and legal effect. We think the necessity for such determination is not presented. That if, as to it, a conclusion should be arrived at agreeable to the contention of the appellants, and it should be further held that the other facts found, considered in connection with it, estopped the defendants from using the grounds so designated for other purposes than a ramble or park, still we would be required to affirm the judgment, upon the ground that it does not appear that the erection of the projected building will interfere with the plaintiffs' easement. Upon every map introduced there is shown in that portion of the grounds known as "The Ramble" a chapel site. So much of the grounds, therefore, as are embraced within the limits of the site were not granted to the Shelter Island Community for the purposes of a ramble or park. On the contrary, the right to erect a building there was expressly reserved, and the intention to exercise it asserted.

The mere fact that the proposed building site was designated on the map as a "chapel," does not of itself constitute an implied covenant that one shall be erected, or, if erected, that no other than religious use shall be made of it, and without such covenant, either expressed or implied, the defendant's right to devote a structure on that site to some other purpose cannot be denied.

It is the policy of the law to encourage the most advantageous use of land. And the courts will not be diligent in searching for pretexts with which to check the enterprise of an owner of the fee at the behest of one who is not actually interfered with in the proper enjoyment of his easement.

The court has found as a fact that the annex or hotel is to be built upon the spot where, upon the map, was located a chapel.

The right to erect a building then does not admit of question. There is no express warranty that it shall be used for religious purposes only. Neither do the facts permit the con-

clusion of an implied warranty to that effect. It was, therefore, incumbent upon the plaintiffs to point out by evidence, if it be the fact, how the change of user will abridge their enjoyment of the easement.

This was not done, and for that reason, if for no other, the judgment denying an injunction should be affirmed. The reversal of the order granting an extra allowance should be sustained. The easement was the subject-matter involved in the litigation, and its value was proper as the basis of an allowance. (*Lattimer* v. *Livermore*, 72 N. Y. 174.)

The defendant's moving papers do not attempt to show the value of the alleged easement and, therefore, fail to establish a foundation for an extra allowance.

The judgment should be affirmed, with costs to the defendant, and the order appealed from, with costs to the plaintiffs.

All concur, except VANN, J., dissenting, and BROWN, J., not sitting.

Judgment affirmed.