■ ARTHUR FISCHER et al., Respondents, v IRVING LIEBMAN,

Appellant.—In an action pursuant to RPAPL article 15, *inter alia,* for a judgment declaring that the plaintiffs have an easement over a portion of the defendant's property, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered May 5, 1987, which, *inter alia,* granted the plaintiffs' motion for summary judgment and denied the defendant's cross motion to dismiss the complaint.

Ordered that the judgment is affirmed, with costs.

The parties are the fee owners of adjoining residential lots created by a subdivision map filed by the Suffolk, Nassau and Queens Realty Company in 1903. The filed subdivision map depicts a residential development comprised of 10 lots with three private access roads leading to the nearest public road then in existence. The defendant is the fee owner of both lot 6 and "Lot Avenue", a private road depicted on the subdivision map as running along the northerly boundary of lots 5 and 6. Lot Avenue is a "paper" road which has never been opened or dedicated as a street. The plaintiffs own lot 5. According to the subdivision map, the northerly boundary of lot 5 abuts Lot Avenue, while the northwest corner thereof abuts another private road designated as Lily Pond Drive.

Lot 5 was originally conveyed by lot number on February 4, 1916, with reference to the filed subdivision map and described as bounded by "a private road 25 feet in width, shown as Lot Avenue on the map". All subsequent deeds to lot 5, including the plaintiffs' deed, also refer to the filed subdivision map, the lot number, and the original metes and bounds description. Similarly, lot 6 was conveyed by the grantor with reference to the filed subdivision map, the lot number, and as being bounded by Lot Avenue.

Lot Avenue was originally conveyed to the first owner of lot 5 by a separate deed expressly providing that the conveyance was subject to "the right of way" of the owner of lot 6. In 1929, Lot Avenue was purchased by the owner of lot 6. Henceforth, lot 6 and Lot Avenue were to be conveyed together. Two of the defendant's immediate predecessors in title took lot 6 and Lot Avenue subject to the "rights, if any" of the owners of lot 5 to use any portion of Lot Avenue "for a roadway". The defendant's deed was the first to omit reference to such use.

On April 12, 1916, Lily Pond Drive was deeded to the Town of East Hampton and became a public street known as Lily Pond Lane. Although Lily Pond Lane borders upon the northwest corner of the plaintiffs' property, they seek more direct

access to that same road from the northerly side of their property where a small accessory cottage is located. Thus, they have extended a driveway from the cottage over 12 feet of Lot Avenue for the purpose of gaining access to Lily Pond Lane. In turn, the defendant obstructed the plaintiffs' access to Lot Avenue by constructing a fence giving rise to the instant action.

It is well established that when property is described in a conveyance with reference to a subdivision map showing streets abutting on the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant (see, 1 Rasch, Real Property Law and Practice § 744; see also, 49 NY Jur 2d, Easements, § 62, citing *Weil v Atlantic Beach Holding Corp.,* 1 NY2d 20; *Erit Realty Corp. v Sea Gate Assn.,* 249 NY 52).

At bar, the Supreme Court properly found that the original grantor intended to grant an easement over Lot Avenue for the benefit of lot 5 by the conveyance of that lot with reference to the filed subdivision map of the Suffolk, Nassau and Queens Realty Company (see, *Rose v Indian Park Assn.,* 3 AD2d 274). Although the intention of the grantor is to be determined in light of all the circumstances, the most important indicators of the grantor's intent are the appearance of the subdivision map and the language of the original deeds (see, e.g., *Matter of City of New York [Northern Blvd.],* 258 NY 136, 147; *Erit Realty Corp. v Sea Gate Assn.,* 259 NY 466, *supra; Rose v Indian Park Assn., supra).* Here it may reasonably be inferred from the appearance of the subdivision map and the manner in which the conveyances were effected after its filing that the grantor intended to create an easement over Lot Avenue in favor of lot 5. The fact that at the time of the subdivision the grantor created three private roads providing prospective lot owners with access to and from their property and to the nearest public road is a clear indication that all lots in the development were to be benefitted by easements over the abutting private roads. Moreover, the deeds effecting the original conveyances of lots 5 and 6 referred to the lots by number, described them as bounded by Lot Avenue, and specifically referred to the filed subdivision map. Also indicative of the grantor's intent to create an easement is the fact that Lot Avenue was sold as a separate parcel to the owner of lot 5 subject to "the right of way" of the owner of lot 6. Similarly, when Lot Avenue was subsequently sold to the owner of lot 6, the deed recognized the right of owners of lot 5 to use Lot Avenue as a roadway. In view of the foregoing, it is

manifest that the grantor intended to create an easement by grant over Lot Avenue in favor of the abutting lots.

The grantees of lots abutting a street on a filed map are entitled to have the land so demarcated remain as a street forever *(see, Lord v Atkins,* 138 NY 184) absent its abandonment, conveyance, condemnation, or adverse possession *(Gerbig v Zumpano,* 7 NY2d 327). Thus, the defendant was properly barred from doing anything to obstruct the right of access of his neighbors *(see, Matter of City of New York [Northern Blvd.], supra; Weil v Atlantic Beach Holding Corp., supra).*

We reject the defendant's contention that an easement by grant did not arise because the plaintiffs' property has direct access to a public road such that the plaintiffs need not traverse Lot Avenue. An easement by grant may be created and continues to exist whether there is other access to public roads and is not to be confused with an easement by necessity *(Gerbig v Zumpano, supra; Cox v James,* 45 NY 557). Having determined that an easement over Lot Avenue was intended by the grantor to provide lot 5 with access to public roads, we find that the easement was not extinguished when Lily Pond Drive was subsequently deeded to the Town of East Hampton thereby affording lot 5 direct access to a public street. While an implied easement by necessity is extinguished when the necessity ceases *(Palmer v Palmer,* 150 NY 139), a grantee can be deprived of an implied easement by grant over certain streets only by abandonment, conveyance, condemnation, or adverse possession *(Gerbig v Zumpano, supra; O'Hara v Wallace,* 83 Misc 2d 383, *mod on other grounds* 52 AD2d 622).

In addition, the fact that the first deed from the grantor did not expressly convey an easement over Lot Avenue in favor of lot 5 is irrelevant. Where the property is conveyed by deed describing it by reference to a map, the fact that the map shows a lot as bounded by a street may give the grantee an easement of way through the street as shown even where the street is not mentioned in the conveyance *(Matter of Mayor of New York [East 178th St.],* 188 NY 581; *Dalton v Levy,* 258 NY 161; *Powlowski v Mohawk Golf Club,* 204 App Div 200). Lot 5 was repeatedly sold with reference to the subdivision map and Lot Avenue, giving each grantee an easement in Lot Avenue without the need for any express grant in the deeds.

Nor does the fact that Lot Avenue was not open at the time of the making of the grant with reference to the map and was never dedicated or improved, prevent an easement by grant from arising by implication *(see, Matter of City of New York*

*[Sedgwick Ave.],* 213 NY 438; *Stupnicki v Southern N. Y. Fish & Game Assn.,* 41 Misc 2d 266, *affd* 19 AD2d 921, *lv denied* 13 NY2d 601).

We note that the defendant erroneously relies on several cases concerning the requirements for implication of easements from an apparent preexisting use on severance of title to land owned by a common grantor *(see, e.g., Bigg v Webb Props.,* 118 AD2d 613; *Pastore v Zlatniski,* 122 AD2d 840; *Buck v Allied Chem. Corp.,* 77 AD2d 782; *Abbott v Herring,* 97 AD2d 870, *affd* 62 NY2d 1028; *McQuinn v Tantalo,* 41 AD2d 575, *lv denied* 32 NY2d 610; *Hedden v Bohling,* 112 AD2d 23, *appeal dismissed* 67 NY2d 758; 49 NY Jur 2d, Easements, § 91). This precedent is inapplicable to the situation herein whereby a grantor subdivides his property and sells lots bounding on a street shown on the subdivision map giving rise to the implication of an easement by grant.

Finally, we note that the plaintiffs did not raise a defense of estoppel before the Supreme Court, resulting in a waiver of the right to have such issue reviewed on appeal *(see, Pastore v Zlatniski, supra; Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.