MICHAEL J. DE RUSCIO, Appellant, v HERBERT L. JACKSON et al., Respondents, and JAMES R. YOUNG et al., Appellants, et al., Defendants.

Third Department, February 7, 1991

APPEARANCES OF COUNSEL

*Frank T. Pipito (John T. Mitchell [Tobin & Dempf]* of counsel), for Michael J. De Ruscio, appellant.

*Maynard, O'Connor & Smith (Brendan F. Baynes* of counsel), for James R. Young and another, appellants.

*Higgins, Roberts, Beyerl & Coan (Michael E. Basile* of counsel), for Herbert L. Jackson, respondent.

*Earl M. Bucci* for Mrs. Harry W. Deegan, respondent.

## OPINION OF THE COURT

LEVINE, J.

Plaintiff is the owner of certain parcels of real property designated as lots 96 and 97 in the subdivision known as Manning Park on Ballston Lake in Saratoga County. Plaintiff took title to the property in 1983 through deeds from James, Joseph and Elizabeth De Ruscio which described the lots by reference to a " 'Map of Lots at Manning Park on Ballston Lake, Property of the White Farms, J.B. White, Owner, made by S.J. Mott, C.E., 1926', and duly filed in the Saratoga County Clerk's Office". Defendants Herbert L. Jackson, Mrs. Harry W. Deegan, James R. Young and Deborah M. Young (hereinafter

collectively referred to as defendants) are also owners of lots within the subdivision, described in their respective deeds by reference to the filed subdivision map.

In 1987, plaintiff sought to build a residence on his lots, but was apparently denied an area variance by defendant Town of Ballston Zoning Board (hereinafter the Board) on the basis of lack of access to his property. According to plaintiff, he was directed by the Board to obtain easements over the paper streets of the subdivision necessary to gain access to his property. When defendants either refused to grant plaintiff an easement or denied him access to his property over the paper streets abutting their property, plaintiff, in December 1987, commenced this action seeking various declaratory and injunctive relief, including a declaration that he has an easement of access over the streets of the subdivision.

Following joinder of issue,* plaintiff moved for summary judgment on his complaint. Defendants opposed the motion on various grounds and the Youngs cross-moved for summary judgment dismissing the complaint for lack of subject matter jurisdiction, claiming that plaintiff's complaint did not comply with RPAPL article 15, thus precluding County Court from granting declaratory relief. County Court denied plaintiff's motion, concluding that questions of fact remained with regard to his claimed easement, and also denied the Youngs' cross motion. These appeals by plaintiff and the Youngs followed.

■ Initially, we agree with County Court that it had subject matter jurisdiction over this action. While plaintiff's complaint is not in technical compliance with the requirements of RPAPL 1515 (1) and (2), such a defect is not fatal since the complaint sufficiently states a cause of action under RPAPL article 15 (see, Howard v Murray, 38 NY2d 695, 699-700; Miles v De Sapio, 96 AD2d 970, 971).

■ Turning to the merits, plaintiff contends on this appeal that he established his entitlement to a declaration that he has an implied easement over certain paper streets shown on the filed subdivision map and, therefore, that County Court improperly denied his motion for summary judgment. It is well settled that " 'when property is described in a conveyance with reference to a subdivision map showing streets abutting on the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant' " (Coccio

---

* The record contains no answer from the Board.

*v Parisi,* 151 AD2d 817, 818, quoting *Fischer v Liebman,* 137 AD2d 485, 487; *see also, Weil v Atlantic Beach Holding Corp.,* 1 NY2d 20, 28-29; 49 NY Jur 2d, Easements, § 62, at 154). Nonetheless, whether an implied easement was in fact created depends on the intention of the parties at the time of the conveyance *(Coccio v Parisi, supra; Fischer v Liebman, supra;* 49 NY Jur 2d, Easements, § 62, at 155). This requires proof that the deed from the original subdividing grantor referred to the subdivision map or the abutting paper street *(see, Coccio v Parisi, supra).*

While courts in other jurisdictions have held that such an easement extends to all streets delineated on a subdivision map or plat *(see, e.g., Cohen v Simpson Real Estate Corp.,* 385 Pa 352, 123 A2d 715; *Owens Hardware Co. v Walters,* 210 Ga 321, 80 SE2d 285; *James v Delery,* 211 La 306, 29 So 2d 858; *Danielson v Sykes,* 157 Cal 686, 109 P 87), the prevailing and most current view in this State appears to be that a grantee acquires an easement by implication only over the street on which his property abuts, to the next intersecting streets, i.e., an easement of access *(see, Matter of City of New York [Wooley Ave.],* 270 NY 368, 371; *Matter of City of New York [East 177th St.],* 239 NY 119, 131; *Reis v City of New York,* 188 NY 58, 71-72; *Miller v Tallarino,* 30 AD2d 1034, *affd without opn* 25 NY2d 708; *Nichols Copper Co. v Connolly,* 208 App Div 667, 676, *affd without opn* 240 NY 596; *Hecht v Launer,* 30 Misc 2d 47, 53-54, *affd without opn* 14 AD2d 964; Annotation, 7 ALR2d 607, 643-647; *but see, Johnson v Shelter Is. Grove. & Camp Meeting Assn.,* 122 NY 330, 334-335; *Ambassador Realty Co. v Nicolay,* 137 NYS2d 18, 20, *appeal dismissed* 1 AD2d 972; *Williamson v Salmon,* 105 Misc 485, 487-488, *affd without opn* 196 App Div 922, *affd without opn* 233 NY 657).

▮ Here, the filed subdivision map indicates that plaintiff's lots are bounded on the north by a paper street designated Hampton Road, which intersects to the west with Hawkwood Avenue and to the east with Lake Shore Avenue, on the south by the Youngs' property, on the west by Jackson's property and on the east by Lake Shore Avenue. It follows from the foregoing that, at most, plaintiff is entitled to an easement of access only, extending along Hampton Road to Hawkwood Avenue, which is the most direct route to the public highway. Under this view, the only named defendant whose property would be affected is Jackson. Accordingly, summary judgment dismissing the complaint should have been granted in favor of the Youngs and Deegan.

With regard to Jackson, it is our view that summary judgment should have been granted in plaintiff's favor, declaring his right to an easement over Hampton Road and Hawkwood Avenue. We note that plaintiff did not come forward with the requisite proof of the subdivider's intent in the form of the original deed to plaintiff's lots containing a reference to the subdivision map *(see, Coccio v Parisi,* 151 AD2d 817, *supra).* However, no one appears to have contested that the original grants contained such a reference and Jackson admitted in his answer the existence of an easement of access in plaintiff's favor, provided that plaintiff was the record owner of lots 96 and 97 and that a subdivision map had in fact been filed, both of which were established by plaintiff. Further, Jackson submitted no proof of any defense, such as abandonment or adverse possession, sufficient to defeat plaintiff's motion *(see, Gerbig v Zumpano,* 7 NY2d 327, 330; *Fischer v Liebman,* 137 AD2d 485, 488, *supra).* Inasmuch as plaintiff seeks injunctive relief directing Jackson to remove trees allegedly planted by him on Hampton Road and/or damages, the matter must be remitted to County Court for further proceedings to determine the appropriate equitable or legal relief.

As a final matter, the Youngs contend for the first time on this appeal that other subdivision property owners should be joined in this action as necessary parties *(see,* CPLR 1001). Our review of the subdivision map and deeds provided by plaintiff reveals that there are two additional lots (111 and 113) abutting Hampton Road, over which plaintiff's easement runs, for which ownership cannot be determined from the record. Plaintiff, however, asserts in his reply brief that he has joined as defendants all property owners who have hindered his easement right. Under these circumstances, we conclude that the questions of whether there are any other necessary parties who should be joined in this action and, if so, the appropriate procedural disposition for effecting joinder should not be determined by this court in the first instance.

MAHONEY, P. J., WEISS, MERCURE and HARVEY, JJ., concur.

Order modified, on the law, without costs, by (1) granting summary judgment dismissing the complaint against defendants James R. Young, Deborah M. Young and Mrs. Harry W. Deegan, and (2) granting partial summary judgment in favor of plaintiff against defendant Herbert L. Jackson declaring plaintiff's right to an easement of access over Hampton Road and Hawkwood Avenue, and, as so modified, affirmed.