■ BARTON R. FIRSTY, Respondent, v ANTHONY DE THOMASIS, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered January 11, 1991 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Inasmuch as the facts are undisputed, the issue in this case is whether plaintiff has the right to an implied easement over property owned by defendant. We conclude that plaintiff has an implied easement of access and, therefore, Supreme Court's judgment should be affirmed.

In 1914 a large parcel of property on the south side of Western Avenue in the City of Albany was subdivided pursuant to the Boulevard Terrace subdivision map which shows a number of building lots, together with intersecting streets. Plaintiff and his father acquired lots number 168, 170, 172 and part of lot number 174 in 1967, and subsequently plaintiff acquired full title to the property. Plaintiff's deed, and the deeds of his predecessors in title, contain specific reference to the 1914 Boulevard Terrace subdivision map. Lot number 168 is shown on the map as located at the southeast corner of the intersection of Pinehurst Avenue and Cortland Street. Lots number 170, 172 and 174 are located to the south of lot number 168, along Pinehurst Avenue. The streets shown on the map, including Cortland Street, were apparently dedicated to and accepted by the City. Although portions of Cortland Street were made into public thoroughfares, the portion adjacent to plaintiff's property was never developed and remained a paper street.

Due to the contour of plaintiff's property, access from Pinehurst Avenue is difficult and, therefore, plaintiff has accessed his property for the past 21 years by a partially paved right-of-way across the undeveloped portion of Cortland Street which abuts his property. In 1987, the City declared the undeveloped portion of Cortland Street adjacent to plaintiff's property abandoned for municipal or public purposes and directed that the property be sold at public auction. Defendant purchased the parcel at auction and constructed a dwelling on the premises. In connection with this construction, defendant regraded a portion of the property and erected a fence, which blocked plaintiff's access along the right-of-way he had been using for years. Plaintiff commenced this action pursuant to RPAPL article 15 to establish his right to an easement across defendant's property. Supreme Court ruled in favor of plaintiff, resulting in this appeal by defendant.

Plaintiff does not claim an express grant of an easement, and an easement by prescription did not arise because the record owner during most of the prescriptive period was a municipality and the property was held for public or governmental purposes (see, City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 125). Plaintiff relies instead upon the well-established rule that when a conveyance describes the property conveyed by referring to a subdivision map which shows streets abutting on the lot or lots conveyed, an easement of access in the private streets appurtenant to the property generally passes with the grant (De Ruscio v Jack-

*son,* 164 AD2d 684, 686-687; *see, Coccio v Parisi,* 151 AD2d 817, 818; *Fischer v Liebman,* 137 AD2d 485, 487). "[T]he ultimate determination of whether an easement by implication is created depends on the intention of the parties at the time of the conveyance" *(Coccio v Parisi, supra,* at 818), with the most important indicators of the grantor's intent being the appearance of the subdivision map and the language of the original deeds *(Fischer v Liebman, supra,* at 487). Here, the subdivision map shows lot number 168 abutting on Cortland Street, and the original deed by the subdivider to plaintiff's predecessors in title describes the property conveyed by referring to specific lot numbers and by referring to the subdivision map. In these circumstances, an implied easement of access over Cortland Street was created in favor of lot number 168 *(see, De Ruscio v Jackson, supra; Fischer v Liebman, supra).*

An easement created by grant, express or implied, can only be terminated by abandonment, conveyance, condemnation or adverse possession *(Consolidated Rail Corp. v MASP Equip. Corp.,* 109 AD2d 604, 606, *affd* 67 NY2d 35), and there is no evidence that the easement was so terminated here. On the contrary, the specific references to the subdivision map in the various deeds in plaintiff's chain of title indicate an intent that the easement of access created by the original grant passed with the subsequent grants. Nor was the easement extinguished merely because lot number 168 had direct access to Pinehurst Avenue *(see, Fischer v Liebman, supra,* at 488). The dedication of Cortland Street to the City, which occurred after the easement of access had been created by the original grant of the subdivider, and the subsequent abandonment by the City had no effect on the private easement of access appurtenant to lot number 168, which was independent of the public easement created by the dedication *(see, Holloway v Southmayd,* 139 NY 390; *see also, Watkins v State of New York,* 15 AD2d 987; *cf., Kent v Dutton,* 122 AD2d 558).

Defendant's reliance upon the Court of Appeals' discussion of the limiting effect of certain deed descriptions in *City of Albany v State of New York* (28 NY2d 352, 356) is misplaced, for that case concerned the question of whether the particular grant at issue passed the fee of the conveyed property to the center line of the abutting street or to the exterior line of the street. Here, however, the issue is whether plaintiff has an implied easement of access in Cortland Street appurtenant to lot number 168, and the question of whether the fee of lot number 168 went to the center line of Cortland Street or to

the exterior line of the street is irrelevant to this issue *(see, Holloway v Southmayd, supra)*. Because an implied easement of access was created by the subdivider's original grant, and since there is no evidence that this easement was extinguished, Supreme Court's order must be affirmed.

Mahoney, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.