■ EDWARD A. CLEGG et al., Respondents, v FRANK N. GRASSO, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered February 20, 1991 in Schenectady County, which, *inter alia,* in an action pursuant to RPAPL article 15, granted plaintiffs' motion for summary judgment and declared that plaintiffs had an easement over defendant's property.

At issue on this appeal is whether the evidence in the record establishes, as a matter of law, that plaintiffs are

entitled to an implied easement over defendant's property. We agree with Supreme Court that the undisputed facts support an award of summary judgment to plaintiffs on the implied easement issue and, therefore, Supreme Court's order must be affirmed.

Plaintiffs are the owners of certain real property, referred to as Lot 1 and Lot 5, near Lake Featherstonhaugh in Schenectady County. Lot 1, acquired by plaintiffs as tenants by the entirety in 1972, abuts State Route 159, a public highway, and Lake Featherstonhaugh Drive, a dirt and gravel roadway owned by defendant. Lot 5, acquired by plaintiff Edward A. Clegg by quitclaim deed in a 1977 tax sale, is contiguous with Lot 1 and abuts Lake Featherstonhaugh Drive and Grasso Drive, a second dirt and gravel roadway owned by defendant.

In 1946 the parties' common grantor* Alexander Grasso, prepared a subdivision map showing 12 lots, one large parcel of remaining land and the two roadways, Lake Featherstonhaugh Drive and Grasso Drive. The map apparently was not filed until 1983, when an attorney for a property owner who is not a party to this action filed the map. Five of the lots, including Lot 1 and Lot 5, were conveyed by the parties' common grantor to Cold Brook, Inc., in 1946 by a separate deed for each lot. Cold Brook subsequently sold the individual lots, and after various conveyances, plaintiffs acquired Lot 1 and Lot 5.

It is the well-established rule that an easement of access in the private streets appurtenant to the property generally passes with the grant when the conveyance describes the property conveyed by referring to a subdivision map which shows streets abutting the lot or lots conveyed (*Firsty v De Thomasis*, 177 AD2d 839, 840; *De Ruscio v Jackson*, 164 AD2d 684, 686-687). Focusing on Lot 5, defendant contends that the rule set forth above is inapplicable because the quitclaim deed by which Clegg acquired that lot contains no reference to either the subdivision maps or the private streets. Defendant also contends that the rule is inapplicable because the subdivision map was not filed until after Clegg acquired the property. We reject both contentions.

Whether an easement by implication has been created depends on the intention of the parties at the time of the original conveyance, "with the most important indicators of

---

* By common grantor we mean the last grantor to appear in both parties' chain of title.

the grantor's intent being the appearance of the subdivision map and the language of the original deeds" *(Firsty v De Thomasis, supra,* at 841). The subdivision map in this case clearly shows Lot 1 and Lot 5 abutting Lake Featherstonhaugh Drive, with Lot 5 also abutting Grasso Drive, and the original deeds to Lot 1 and Lot 5 from the parties' common grantor concededly refer to the subdivision map and the private streets. The fact that a subsequent grantor makes no reference to the subdivision map or private streets in a conveyance of one of the lots has no bearing on the issue of the original grantor's intent and whether an implied easement was created by the original grant. Nor is there any evidence in the record to suggest that the quitclaim deed did not convey to Clegg the entire interest in Lot 5 that was created when the parties' common grantor conveyed the property to Cold Brook. Although the fact that the parties' common grantor did not file the subdivision map might have some bearing on his intent to subdivide the property in accordance with that map, there can be little doubt about the grantor's intent in this case because he actually sold a number of the individual lots in accordance with the plan shown on the subdivision map by separate deeds which refer to the map. The undisputed facts establish that an implied easement by grant over the private streets shown on the subdivision map was created in favor of the abutting lots conveyed by the parties' common grantor *(see, De Ruscio v Jackson, supra,* at 687; *Fischer v Liebman,* 137 AD2d 485, 487) and, in the absence of any evidence that the easement was terminated, plaintiffs have the right to enforce it *(see, Firsty v De Thomasis, supra,* at 842).

Defendant also contends that Supreme Court erred in directing the removal of the fence which he erected along Lake Featherstonhaugh Drive adjacent to Lot 1. According to defendant, Lot 1 has direct access to a public highway and, therefore, does not need access on the private street. An easement of access does not extend to all private streets in a subdivision but only to those which provide the most direct route to a public highway *(De Ruscio v Jackson, supra,* at 687). Direct access to a public highway does not, however, extinguish the implied easement of access to private streets which abut the lot *(Firsty v De Thomasis, supra,* at 841; *see, Fischer v Liebman, supra,* at 488). Both Lot 1 and Lot 5 abut Lake Featherstonhaugh Drive and, therefore, both lots have an easement of access to that private street. Supreme Court's order should therefore be affirmed in its entirety.

Levine, J. P., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.