■ GEORGE HEIM et al., Respondents, v E. DENNIS CONROY et al., Appellants. [621 NYS2d 210] —Casey, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered March 24, 1994 in Warren County, upon a decision of the court in favor of plaintiffs.

---

The dispute involved in this appeal concerns plaintiffs' rights to easements over defendants' land. In December 1971, Philip Baker and John Baker, as common grantors, transferred 20 acres of their property to defendant E. Dennis Conroy. The deed described the westerly boundary of the parcel as the centerline of a private road (the first easement), but excepted any portion of the road lying within the bounds of the parcel. The deed also reserved a right-of-way over a proposed gravel road (the second easement), now Blue Bird Lane, referencing a certain map dated October 19, 1971. A subdivision map dated January 14, 1992 was introduced into evidence by plaintiffs to demonstrate the conveyance. This map gives the intended width of the proposed road, which forms the northerly boundary of Conroy's property, as 50 feet. The second easement also includes a 50-foot-wide right-of-way, explicitly reserved in the deed, over a wood road which runs in a southerly direction from the proposed road to "the Sugar Bush", which plaintiffs now own. In the conveyance to plaintiffs, the deed describes portions of the northern and western boundaries of the parcel as the center of the existing dirt road (the first easement), but excepts the rights of others in and to the use of that portion of the dirt road which lies within the bounds of the parcel conveyed. All of the deeds into plaintiffs contain the same exception of rights to use the dirt road. However, none of the three deeds make any reference to any map or subdivision and plaintiffs' parcel is not designated on the subdivision map.

William Shanley and defendant Carl W. Flood obtained lots 3, 4 and 5 of the Baker subdivision. Their conveyance specifically excepted the rights of others to the use of the road and right-of-way which formed the easterly boundary of the property conveyed. The deed references the subdivision map which clearly shows the intended width of the right-of-way to be 50 feet. A subsequent deed of the northeast corner of parcel 4 from Shanley and Flood to Flood and his wife, defendant Patricia Flood, excepts that portion of the road and right-of-way lying within the property conveyed.

Plaintiffs commenced this action when defendants blocked plaintiffs' access to the rights-of-way. At plaintiffs' request, Supreme Court treated the complaint as an action for a declaratory judgment. Supreme Court concluded that plaintiffs had the two rights-of-way in dispute and both were 50 feet wide. Defendants appeal from the judgment.

We agree with the declaration made by Supreme Court and affirm its judgment. Defendants now concede that plaintiffs

have a right to the first easement, but claim that its width should be limited to the 8 to 10-foot width of the dirt road. With respect to the second easement, defendants do not dispute the reservation of the easement by the Bakers, but dispute its location and whether it was transferred to plaintiffs. Supreme Court found that plaintiffs have an implied easement based on a common plan or scheme. The common scheme is best evidenced by the fact that all the deeds to plaintiffs, defendants, their predecessors and other owners of parcels designated on the subdivision map contain common covenants and restrictions. Although plaintiffs' property is not designated on the subdivision map, the map contains the road which borders plaintiffs' property. The dirt road (first easement), along with the proposed road and wood road to the Sugar Bush (second easement), were and are the only access to what is now plaintiffs' property. It is clear that these easements were intended to be the routes to access plaintiffs' property.

Whether an easement by implication is created depends on the intention of the parties at the time of the original conveyance, " 'with the most important indicators of the grantor's intent being the appearance of the subdivision map and the language of the original deeds' " (Clegg v Grasso, 186 AD2d 909, 910-911). If there is ambiguity in the deed language, the exception or reservation is to be construed most favorably to the grantee (see, Carter v Heitzman, 198 AD2d 649, 650, lv denied 83 NY2d 751). When a common scheme or plan of development is demonstrated, an easement reserved across such property must be upheld, notwithstanding the sequence in which the parcels were conveyed by the common grantor (see, De Bourbon v Engelberg, 162 AD2d 872). A grantor conveying land described as bounded by a road or way owned by him impliedly grants an easement in such road or way unless the intention of the parties is to the contrary (2 Warren's Weed, New York Real Property, Easements, § 6.04 [4th ed]; see, Collins v Barker, 286 App Div 349). It is also well settled that when property is described in a conveyance with reference to a subdivision map showing streets abutting on the lot conveyed, easements in the private streets appurtenant to the lot generally pass with the grant (see, Clegg v Grasso, supra).

The deed to plaintiffs' predecessors excepted the rights of others to use the dirt road, indicating that reciprocal rights to use the road were intended, especially for those property owners to the north. Defendants' concession that plaintiffs

have the right to use the road indicates that even defendants believe that easement rights were intended. Although there are conflicting opinions as to the width of the first easement and such width was not specified in Conroy's deed, the best indication of the intended width is the subdivision map which was made approximately one month after the Bakers conveyed the Conroy parcel. Given the common plan and a width of 50 feet to the reservation of the wood road to the Sugar Bush, Supreme Court did not err in determining that both rights-of-way were 50 feet. The law provides that when a dominant estate is transferred, the easement appurtenant passes to the subsequent owner through appurtenance clauses even though the deed does not specifically mention the easement *(see, Strnad v Brudnicki,* 200 AD2d 735, 736). Here, the deeds to plaintiffs and their predecessors all contain appurtenance clauses and the rights were undoubtedly transferred to plaintiffs.

Finally, the record sufficiently establishes the location of the second easement. Conroy had his parcel surveyed and the ends of the wood road to the Sugar Bush are clearly marked. Conroy also testified that the exact location of the road could be located by tracing the "old ruts". Therefore, in our view, Supreme Court's reliance on the descriptions in the deeds as to the location of the easements was not in error. The judgment appealed from should, in all respects, be affirmed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.