■ B.J. 96 CORPORATION, Respondent, v JOHN MESTER et al., Appellants. [634 NYS2d 843] —Spain, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered August 31, 1994 in Sullivan County, which granted plaintiff's motion for summary judgment.

Plaintiff and defendants own parcels of property in the Town of Bethel, Sullivan County, in an area near White Lake which is depicted on a map entitled "J. E. Gray, White Lake, Sullivan County, N. Y." and filed in the County Clerk's office on September 24, 1908. In 1969 plaintiff purchased lot Nos. 3, 4

and 5 as depicted on said map which abut the northerly side of Stewart Avenue, a paper street. Stewart Avenue provides east/west access from County Highway No. 141 to White Lake. Defendants, between 1975 and 1982, purchased lot Nos. 6, 7, 8, 9 and 16 as depicted on said map, which abut the southerly side of Stewart Avenue, and lot No. 2, which abuts the northerly side of Stewart Avenue. In or about 1987 defendants erected a fence around the perimeter of their property which included a padlocked gate at the end of Stewart Avenue which blocks entrance to Stewart Avenue from the highway.

In 1992 plaintiff commenced this action seeking, *inter alia*, to permanently enjoin defendants from interfering with its right of access to Stewart Avenue and compelling defendants to remove the fence insofar as it obstructs its access. In 1993 defendants recorded a deed which purports to convey to them title to Stewart Avenue with reference to the filed Gray map. Determining that plaintiff had an implied easement by grant over Stewart Avenue, Supreme Court, *inter alia*, granted plaintiff's motion for summary judgment and ordered defendants to remove the obstruction. Defendants appeal.

Defendants contend that there was no implied easement because the owner who originally subdivided the lots, John Gray, did not timely file the subdivision map; this issue was not raised before Supreme Court and, therefore, has not been preserved for appeal (*see, Deising v Town of Esopus*, 204 AD2d 940-942; *Marazzo v Frontier Ins. Co.*, 189 AD2d 755, 756; *Gunzburg v Gunzburg*, 152 AD2d 537, 538). However, it is settled law that "[w]hether an easement by implication has been created depends on the intention of the parties at the time of the original conveyance, 'with the most important indicators of the grantor's intent being the appearance of the subdivision map and the language of the original deeds' " (*Clegg v Grasso*, 186 AD2d 909, 910-911, quoting *Firsty v De Thomasis*, 177 AD2d 839, 841; *accord, Heim v Conroy*, 211 AD2d 868, 870; *see, De Ruscio v Jackson*, 164 AD2d 684, 687; *Fischer v Liebman*, 137 AD2d 485, 487; 2 Warren's Weed, New York Real Property, Easements, § 6.04 [4th ed]). The intention of the grantor is to be considered in light of the surrounding circumstances (*see, Tarolli v Westvale Genesee*, 6 NY2d 32, 34; *Fischer v Liebman, supra*, at 487); whether or not a map was filed, and if it was filed, by whom and when, are merely factors which may bear on the grantor's intent (*see, Clegg v Grasso, supra*, at 911; *De Ruscio v Jackson, supra*, at 686-687). In light of the language in the Gray deed and the fact that the map was eventually filed, coupled with defendants' concession regarding plaintiff's

"deeded right to use" Stewart Avenue, we conclude that no triable issue exists and that Supreme Court correctly determined that plaintiff has an implied easement by grant (*see, Fiebelkorn v Rogacki*, 280 App Div 20, 21, *affd* 305 NY 725).

Moving next to defendants' claim that plaintiff abandoned its right to use Stewart Avenue, it is well settled that an easement created by grant may be terminated by abandonment, yet the party so alleging must produce " 'clear and convincing proof of [the owner's] intention to abandon it' " (*Consolidated Rail Corp. v MASP Equip. Corp.*, 67 NY2d 35, 39, quoting *Hennessy v Murdock*, 137 NY 317, 326; *see, Firsty v De Thomasis*, 177 AD2d 839, 841, *supra*); defendants must also show decisively by "unequivocal" acts that the owner intended to "permanently relinquish all rights to the easement" (*Consolidated Rail Corp. v MASP Equip. Corp., supra*, at 40). Defendants have failed to make such showing here; their claim that plaintiff has not used the street for an extended period of time is insufficient since nonuse alone will not extinguish an easement by grant (*see, Gerbig v Zumpano*, 7 NY2d 327, 331). Furthermore, defendants' claim of adverse possession is clearly without merit (*see, Spiegel v Ferraro*, 73 NY2d 622, 625-626; *see also*, CPLR 212 [a]). The fence and gate were erected around 1987 and this action was commenced in 1992, well within the 10-year period of limitations. Defendants, in opposing the motion for summary judgment, have failed to meet their burden (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

We have considered defendants' remaining contentions and find them to be without merit.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.