JOHN J. CASHMAN et al., Appellants-Respondents, v ROBERT P. SHUTTER et al., Respondents-Appellants, et al., Defendant. [640 NYS2d 930] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Harris, J.), entered January 31, 1995 in Albany County, which partially denied plaintiffs' motion for partial summary judgment and denied a cross motion by defendants Robert P. Shutter and Eleanor B. Shutter for summary judgment dismissing the complaint against them.

This action involves real property located in the Village of Menands, Albany County, all of which was at one time owned by Robert Menand (hereinafter Menand), who obtained a one-half interest therein from his father, Louis Menand, by will and subsequently acquired the remaining half interest by deed. In 1944, Menand transferred a small portion of this land (which was depicted on a subdivision map prepared in 1932 at his father's behest, and filed in the County Clerk's office in 1940), bounded on the west by a 60-foot-wide "paper street" known as Sagamore Avenue, to John Cashman and Margaret Cashman (hereinafter the Cashmans). The following year, Menand deeded the remainder of the parcel to defendant Albany Cemetery Association. The Cashmans thereafter conveyed a small portion at the southeast corner of their land to plaintiff Victoria Cashman and her husband, David Cashman; the remainder of the Cashmans' land is presently owned by plaintiffs John J. Cashman and James T. Cashman. Part of the Cemetery Association's land, to the south of the Cashmans' property and abutting that transferred to Victoria Cashman and David Cashman, was deeded to Carl Grimm, and then to Victoria Cashman and David Cashman. Thereafter, in 1990, another part, to the west of the Cashmans' land and encompassing Sagamore Avenue, was conveyed to defendants Robert P. Shutter and Eleanor B. Shutter.

When the Shutters erected a post and rail fence along the eastern boundary of Sagamore Avenue where it abuts the Cashmans' property, plaintiffs commenced this suit seeking, *inter alia*, removal of the fence and monetary damages. Plaintiffs contend that they have an easement, implied by grant, to use Sagamore Avenue in its entirety to access their property, and that this fence impermissibly precludes such access. The Shutters disagree, and posit that plaintiffs only have a right-of-way across their land. This right-of-way is delimited by an existing

dirt or gravel driveway that apparently passes through the fence at the southern end of the Cashmans' property; it traverses the Shutters' land in a generally northerly direction to Cemetery Avenue and abuts both properties on the north.

Plaintiffs moved for partial summary judgment on their first and third causes of action seeking an easement by implication and an easement by prescription. The Shutters opposed that motion and cross-moved for dismissal of the complaint. Supreme Court denied both motions, except to the extent of granting plaintiffs an easement by prescription over the dirt driveway (relief that the Shutters conceded was appropriate), prompting these cross appeals.

When a parcel of property is conveyed by reference to a subdivision map showing streets abutting the property conveyed, "easements in the private streets appurtenant to the lot generally pass with the grant" (*Fischer v Liebman*, 137 AD2d 485, 487; *see, De Ruscio v Jackson*, 164 AD2d 684, 686-687). A deed describing the land being conveyed as bounded by a road owned by the grantor also "impliedly grants an easement in such road or way unless the intention of the parties is to the contrary" (*Heim v Conroy*, 211 AD2d 868, 870). Whether such an easement is to be implied in connection with a given conveyance, however, ultimately depends on the intentions of the parties at the time of the original subdivision of the property (*see, Coccio v Parisi*, 151 AD2d 817, 818). The best indicators of those intentions are the appearance of the referenced map and the language of the deed itself (*see, Clegg v Grasso*, 186 AD2d 909, 910-911; *Firsty v De Thomasis*, 177 AD2d 839, 841).

Here, the Shutters contend that because the parties' last common grantor, Menand, did not himself create the subdivision map to which he referred in his deeds to the Cashmans and the Cemetery Association, his allusion to that map does not demonstrate an intention to create any easement in the streets shown thereon. Rather, the Shutters assert that Menand's reference to Sagamore Avenue and the other streets shown on the map should be construed as having been for descriptive purposes only (*see, e.g., Tarolli v Westvale Genesee*, 6 NY2d 32, 34).

We disagree. The record evidence clearly reflects Menand's intent to convey the easement in question. In addition to describing the property conveyed to the Cashmans as bounded by, *inter alia*, Sagamore Avenue and adverting to the map prepared by his father, which contains the legend that "[a]ll streets and lanes included within bounds of property are to be

common to all 3 parcels" depicted thereon, Menand also explicitly conveyed to the Cashmans—along with the land bordering on Sagamore Avenue—"a right of way in common with others over Sagamore Avenue". Although the Shutters liken this to the right-of-way granted in *Matter of City of New York (Van Alst Ave.)* (143 App Div 564, *affd* 203 NY 570), that case is distinguishable, for there both the deed language and the actions of the parties made it apparent that they had intended that no use was to be made of the street in question unless and until it was opened to the public (*supra*, at 567-568). As a consequence, the intent to create an easement, which is ordinarily inferable from the conveyance of a lot which abuts a roadway shown on a filed subdivision map, was found to have been negated. Where, as here, the conveyance grants a general "right of way" over the street designated on the map, not merely a right-of-way from one point to another for a particular purpose (*see, e.g., Oliphant v McCarthy*, 208 AD2d 1079), that does not refute the inference that an easement had been created by implication (*see, Fischer v Liebman, supra*, at 487). Nor does the fact that the map was originally prepared by Menand's father, to effectuate his testamentary wishes, compel a different result, for Menand plainly adopted and recognized the map—including the existence of the streets laid out thereon—when he eventually subdivided his premises (*see, Fiebelkorn v Rogacki*, 280 App Div 20, 22, *affd* 305 NY 725; *cf., B.J. 96 Corp. v Mester*, 222 AD2d 798, 799-800).

Moreover, while the deed to the Cemetery Association did not denote that it was subject to an easement in favor of the Cashmans, it also made specific reference to the map, and expressly excepted from the interests it conveyed those set forth in the deed to the Cashmans. It is also of some significance that the Cemetery Association's subsequent conveyance to Grimm was made "subject to the rights, if any, of owners of premises within the bounds of property shown on [the subdivision map], in all streets, lanes and water courses shown on the map". This indicates that the Cemetery Association—Menand's grantee—was aware that its ownership interest was subject to rights created by virtue of Menand's reference to the map.

Considered as a whole, this evidence leads inescapably, we believe, to the conclusion that Menand and his original grantees intended that the Cashmans and their successors were to have an easement in Sagamore Avenue. Tellingly, the Shutters proffer no evidence that would support a contrary finding (*cf., De Ruscio v Jackson, supra*, at 688). Accordingly, we find that plaintiffs have an easement over Sagamore Avenue, as shown on the subdivision map.

Plaintiffs have not, however, made a prima facie showing that they have the right to access Cemetery Avenue from the northern terminus of Sagamore Avenue and, concomitantly, to demand the removal of the iron fence which blocks such access. The record, as it stands, is too sparsely developed to enable us to determine whether this aspect of the complaint has merit.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting plaintiffs partial summary judgment on their first cause of action against defendants Robert P. Shutter and Eleanor B. Shutter; plaintiffs are adjudged to have a right to an implied easement, by grant, over Sagamore Avenue; and, as so modified, affirmed.