■ ELYSE WEISSMAN, Plaintiff, v BARRY SKOLNICK et al., Defendants. (Action No. 1.) SOLGAR CREDIT Co., Plaintiff, v BARRY SKOLNICK et al., Defendants. (Action No. 2.) DOLORES A. BATTALIA, Respondent, v BARRY L. SKOLNICK et al., Appellants. (Action No. 3.) BARRY SKOLNICK, Plaintiff, v ELYSE WEISSMAN, Defendant. (Action No. 4.) [686 NYS2d 458] —In related actions, *inter alia,* to permanently enjoin the defendants from interfering with the use of an alleged easement over part of a road

contiguous to the defendants' property, the defendants in action No. 3 appeal from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated August 14, 1997, which granted the plaintiff's motion to confirm the Referee's report in her favor and for summary judgment in her favor, and denied their cross motion to dismiss the action.

Ordered that the order is affirmed, with costs.

The appellants' claim that the respondent improperly failed to name the adjoining property owners as parties to this action is without merit, inasmuch as the interests of the other two landowners would not be affected by a judgment declaring the respondent's rights as to Library Avenue Extension and enjoining the appellants from interfering with that use (*see, Cannon v Sikora,* 142 AD2d 662). Moreover, the record supports the Referee's determination as to the respondent's easement (*see, Cashman v Shutter,* 226 AD2d 961; *Heim v Conroy,* 211 AD2d 868).

The appellants' remaining contentions are without merit. Mangano, J. P., Ritter, McGinity and Luciano, JJ., concur.