GIULIO PALMA, Appellant, v JAMES B. MASTROIANNI et al., Respondents. [714 NYS2d 537] —Carpinello, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered October 21, 1999 in Schenectady County, upon a decision of the court in favor of defendants.

The parties are owners of adjacent parcels of real property located in the Town of Glenville, Schenectady County. Plaintiff owns three contiguous lots, designated as lots 1, 2 and 3, on a map filed with the Schenectady County Clerk on September 30, 1926 by Katharine Galbraith. The southerly border of each of these lots abuts a paper street identified on the 1926 map as "Corry Street" and only lot 1 abuts a public roadway. Plaintiff has owned these parcels since 1970 and his deed specifically references the 1926 map. In 1993, defendants acquired title to lot 4 and Corry Street. The southern border of Corry Street— which has never been deeded to or recognized by the Town of Glenville as a Town road—abuts the northerly border of lot 4.

After defendants denied plaintiff access to his property over Corry Street on a few occasions in August 1997, plaintiff commenced this action seeking a declaration that he has an implied easement over the paper street or, alternatively, that he acquired a prescriptive easement over it. Following a nonjury trial, Supreme Court disagreed with both contentions and dismissed the complaint. Plaintiff appeals.

We agree with Supreme Court's resolution of the issues and affirm its judgment. Plaintiff claims that, by virtue of the existence and filing of the 1926 map depicting the division of a portion of Galbraith's property into 18 individual lots, an implied easement by grant was created in Corry Street. Whether an easement by implication has been created ultimately depends on the intentions of the grantor at the time of the original conveyance (see, e.g., Cashman v Shutter, 226 AD2d 961, 962; Heim v Conroy, 211 AD2d 868, 870; Coccio v Parisi, 151 AD2d 817, 818) and the best indicators of those intentions are the appearance of the subdivision map and the language of the original deed (see, Clegg v Grasso, 186 AD2d 909, 910-911; Firsty v De Thomasis, 177 AD2d 839, 841). As specifically noted by this Court, the creation of an easement by implication "requires proof that the deed from the original subdividing grantor referred to the subdivision map or the abutting paper street" (De Ruscio v Jackson, 164 AD2d 684, 687).

Here, while the 1926 map depicts plaintiff's parcels as abutting Corry Street, it is undisputed that the deed originating from Galbraith to the grantee realty corporation—which was

filed approximately eight weeks *after* the filing of the map—does not contain a reference to any subdivision of the property, to the 18 individual lots, to Corry Street or, most importantly, to the 1926 map itself (*cf., Iovine v Caldwell*, 256 AD2d 974; *B.J. 96 Corp. v Mester*, 222 AD2d 798; *Clegg v Grasso, supra*; *Firsty v De Thomasis, supra*). Rather, the deed conveys a 13.58-acre tract of land described in terms of metes and bounds. Plaintiff claims that the lack of any reference in the original deed to the 1926 map is not dispositive but rather "left open a factual question as to [Galbraith's] intention". To be sure, Supreme Court was required to resolve that factual issue and the burden was on *plaintiff* to establish "all the facts necessary to support" an implied easement (*Tarolli v Westval Genesee*, 6 NY2d 32, 34). There being no other evidence in the record of any intention by Galbraith to establish an implied easement in Corry Street at the time she deeded the property, plaintiff failed to sustain that burden (*see, id.*).

We likewise find support for Supreme Court's finding that plaintiff failed to establish by clear and convincing evidence that he acquired a prescriptive easement over Corry Street, particularly given the testimony of plaintiff and his son that access to plaintiff's lots over the years was via a gravel driveway on defendants' property (not Corry Street) which was used with the express permission of defendants' predecessors. In addition, there is sparse evidence that any actual use of Corry Street itself was continuous and uninterrupted for the 10 years needed to establish such an easement (*see, e.g., Alexy v Salvador*, 217 AD2d 877; *compare, Posnick v Herd*, 241 AD2d 783; *Led Duke v Sommer*, 205 AD2d 1009).

Cardona, P. J., Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.