Grace Strevell, Respondent, *v.* Louise F. Mink, Defendant, and Leland Filkins et al., Appellants.

Third Department, July 31, 1957.

*Philip G. Coffey, Jr.*, for appellants.

*J. Vanderbilt Straub* and *John J. Clyne* for respondent.

REYNOLDS, J. This appeal presents the question of whether or not a private easement, or right of way, created by deed, has been extinguished, either by abandonment or by estoppel. In 1897 one Mary Leggett acquired from Elias Warner a parcel of four and one-half acres of land situated in the town of Berne, Albany County, in the vicinity of Warner's Lake. She was granted, over the remaining lands of the grantor lying between the demised premises and Warner's Lake, " a right of way * * * 10 feet wide and also sufficient land on the shore of said lake for a boat house, and dock." By mesne conveyances, which repeated the grant of the easement, the dominant tenement in 1940 was acquired by the defendant Mink, who, in 1954, after the commencement of this action and subject to it, conveyed the property to the defendants Filkins. The servient tenement came into the possession of the plaintiff herein, by deed from Elias Warner, in 1934; the plaintiff is the daughter of the said Elias Warner.

The trial was held before an Official Referee and plaintiff has had judgment on his findings that no roadway or pathway of any type was ever maintained over the servient estate, that no dock or boathouse was ever built on the lake shore, that the owners of the servient tenement, in reliance upon the " abandonment " of the right of way, have asserted dominion

over the same and have performed acts inconsistent with its existence, that there has been a radical change in the character of the servient tenement from farmland to valuable summer resort property, and that one Dorothy Hinman, who has constructed a home on land leased from the plaintiff, would suffer irreparable damage if the right of way should now be asserted.

Extinguishment of rights, easements or otherwise, by bare abandonment, is not common. There must be conduct on the part of the easement owner manifesting an intent to exercise the easement no longer, and the acts relied upon to establish an abandonment must unequivocally evidence a clear intention to abandon (*Foote* v. *Elevated R. R.*, 147 N. Y. 367; 3 Powell on Real Property, par. 423, pp. 493–494). Nonuse of the easement is an essential part of finding an intent to abandon, but it is not enough. "It seems to be well settled that an easement created by a deed of grant, or otherwise by a writing, cannot be proved to have been extinguished by proof only of nonuser, no matter how long such nonuser may have continued" (3 Powell on Real Property, par. 423, p. 494; see, also, *Snell* v. *Levitt,* 110 N. Y. 595; *Welsh* v. *Taylor,* 134 N. Y. 450; *Carman* v. *Hewitt,* 280 App. Div. 866, affd. 305 N. Y. 718; *O'Neill* v. *O'Hare,* 254 N. Y. 186; and other New York cases collected in anno., 25 A. L. R. 2d 1265, 1276). There is no evidence in the record of any affirmative conduct on the part of the various owners of the dominant tenement inconsistent with their desire further to use the easement. Thus there is lacking the most important type of evidence on the question of abandonment (3 Powell on Real Property, par. 423, p. 496). There is no evidence that the easement owners chose some other means of getting to the lake shore, or that the dominant tenement was fenced in such a manner that the right of way could not be used. On the contrary, a gateway in a stone wall on the corner of the property nearest the lake indicates that the owners of the dominant tenement fully intended to preserve this access to the water. Admittedly, this right of way, if it ever were laid out as a recognizable path or roadway (the evidence is in conflict on this point), became overgrown and obliterated with the passage of years and lack of use. But this fact, without more, cannot be used as a support on which to base a finding of intent to abandon. In the findings below it is simply said that the "right of way * * * has been abandoned." There is no finding of an intent to abandon, nor is there any basis in the record for such a finding. This judgment cannot be upheld on the theory that the defendants and their predecessors in title have abandoned the easement in question.

Plaintiff's right to estop the defendants from asserting their easement depends upon the owners or occupants of the servient tenement having acted, to their detriment, in reasonable reliance on the dominant tenement owners' conduct with regard to the easement (*Andrews* v. *Cohen,* 221 N. Y. 148; 3 Powell on Real Property, par. 425, p. 505). The only conduct which could have been relied upon here is the fact that the right of way was never exactly defined or consistently used. Yet it was an easement of record, and the owners of the servient tenement, throughout all of the property improvement which has taken place over the years, have had full notice that a right of way existed *somewhere.* Furthermore, the property improvement which the plaintiff claims to have been made in reliance on the extinguishment of the easement has not been such that an assertion of the easement now would work irreparable harm to the servient tenement. In other words, the acts of the servient tenement owners have not been wholly inconsistent with the existence of this right of way. It is stated that the character of the property has been changed from farmland to valuable summer resort property. Yet the existence of a right of way to gain access to the shoreline, plus a boathouse and a dock, is certainly not inconsistent with summer resort property. Plaintiff relies heavily on the fact that Dorothy Hinman, lessee of a part of the servient tenement, has made a lawn out of part of the area over which the defendants Filkins want to run the right of way. But a map of the properties involved, placed in evidence by the plaintiff, indicates that there are alternative routes for this right of way, and that the most direct route from the gate in the stone fence would *not* cross the Hinman lawn. Under the circumstances, it cannot be said that the owners and occupiers of the servient tenement were justified in relying on nonuse of this easement to establish an extinguishment thereof, nor did they so improve the servient tenement that an assertion of the easement at this time would work irreparable harm.

It must be pointed out that the plaintiff, in her complaint, chose to stand or fall on the proposition that the right of way had been extinguished. No alternative relief was requested, i.e., in the event that the court should find that the easement had not been extinguished, then it should determine the location and extent of it. It appears that the defendants Filkins wish to lay out a right of way across the Hinman lawn. It is this fact which led the Official Referee to conclude that irreparable harm would come to the servient tenement if the easement were not extinguished. But the desires of the defendants as to the location of the right of way have nothing to do with the

354

issue of abandonment or extinguishment by estoppel; they relate solely to a problem not presented by this lawsuit: construction of the grant of easement to determine the size, location and general character of the right of way and the rights to lake frontage conveyed by the 1897 deed.

Special problems arise in a case where the right of way is not specifically laid down. As the owners of the servient tenement improve or develop the land they may in fairness be required to make or suggest some allocation; and if, on the other hand, the servient tenement is developed and improved in good faith, the dominant tenant may have to accept the unallocated portion laying down his right of way with the least interference to the acquired or developed rights of others. We consider important to the decision in this case the fact that the right of way here involved may be laid down under judicial supervision without either interfering with or injury to improvements in the servient tenement.

Judgment should be reversed on the law and the facts and judgment directed dismissing the complaint, with costs to appellant.

BERGAN, J. P., GIBSON and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, and judgment directed, dismissing the complaint, with costs to appellant. Settle order on notice. The action is continued for the purpose of granting either party additional relief in respect of location of the easement, by appropriate entry at the foot of the judgment.