**Richard METCALF and Peter E. Keck, Appellants–Defendants,**

v.

**Sherie Lee Hampshire HOUK, Appellee–Plaintiff.**

No. 76A05–9310–CV–374.

Court of Appeals of Indiana, Fifth District.

Dec. 20, 1994.

C. David Peebles, Fort Wayne, for appellant.

Larry J. Burke, Fort Wayne, for appellee.

## OPINION

RUCKER, Judge.

This case involves a dispute over an easement. The issue presented is whether the conveyance of an easement appurtenant that

expressly grants "ingress and egress" over the grantor's property "to the water's edge" contemplates the right of the easement holders to build, maintain and use a pier at the lake end of the easement on the servient parcel. The trial court determined that it did not and granted a permanent injunction in favor of the servient owner. Owners of the easement now appeal.

Affirmed in part and reversed in part.

In 1990, Plaintiff–Appellee Sherie Lee Hampshire Houk (Houk) purchased a home in the Phillips Bay subdivision located in Steuben County, Indiana. The home was located on one of several lots bordered on one side by Lake James and was subject to a non-exclusive easement for ingress and egress over portions of a roadway extending to the lake shoreline. The easement was granted by the subdivision developers in 1978 for the benefit of home owners who did not own lake front property. Defendants–Appellants Richard Metcalf and Peter E. Keck (referred to collectively as Easement Holders) purchased homes in the Phillips Bay Subdivision in 1982 and 1987 respectively. Neither of their homes was located on property bordered by the lake. Exercising what they believed were rights conferred by a "Grant of Easement," Metcalf and Keck occasionally parked cars on a paved portion of the roadway leading to Lake James, attached a moveable pier to a seawall on Houk's property, and placed their boats in the Lake tying them to the pier.

When Easement Holders refused to cease parking cars along the roadway and to remove the pier, Houk filed suit. After a bench trial, the trial court found that the Grant of Easement did not include the activity in which Easement Holders were engaging because it would materially impair the use of the easement by others with landlocked property. Accordingly, the trial court entered judgment permanently enjoining Easement Holders from parking vehicles on the easement property other than for the purpose of loading and unloading persons and personal property, from driving motor vehicles on the roadway leading to the lake shore, from storing personal property, including boats and pier sections, on the ease-

ment property, and from installing a pier or dock in the water of Lake James at the eastern terminus of the easement. Upon motion by Easement Holders, the trial court entered special findings and conclusions in support of its judgment. This appeal ensued in due course.

We first observe that none of the fifteen findings entered by the trial court has been attacked on appeal. Indeed, Easement Holders specifically state, "We do not disagree with Judge Tubergen's findings of fact.... [W]e adopt them, as far as they go. However, they are not quite complete, so we will expand upon them...." *Brief of Appellant* at 9. Because the trial court entered the specific findings and conclusions under the provisions of Ind.Trial Rule 52(A), we may not search the record for additional evidence to support findings the trial court did not make or to expand upon findings that were made. Rather, we must determine whether the trial court's findings are sufficient to support the judgment. *Toskos v. Swank* (1991), Ind.App., 578 N.E.2d 712, *trans. denied.* As we have often written, when the trial court's judgment is based upon special findings of fact, we will not reverse the judgment unless the findings and conclusions drawn from them are clearly erroneous. A judgment is clearly erroneous when it is unsupported by the conclusions drawn, and the conclusions are clearly erroneous when they are unsupported by the findings of fact. Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them. *McIntyre v. Guthrie* (1992), Ind.App., 596 N.E.2d 979, *trans. denied; Donavan v. Ivy Knoll Apartment Partnership* (1989), Ind. App., 537 N.E.2d 47. We do not reweigh evidence, and we will affirm the trial court's decision unless the evidence, when viewed in a light most favorable to the judgment, points uncontrovertibly to an opposite conclusion. *Id.*

Easement Holders contend the trial court erred in determining that the right of ingress and egress did not include: (a) the right to park motor vehicles on the easement property, (b) the right to drive motor vehicles on the paved portion of the roadway leading to

the lake, (c) the right to store personal property, including boats and pier sections on the easement property and, (d) the right to install a pier or dock in the lake at the end of the easement. According to Easement Holders, the right to engage in the foregoing activity depends on the intent of the easement grantors at the time the Grant of Easement was made. The argument continues that there was sufficient evidence before the trial court demonstrating that Houk's predecessor-in-title intended that land owners whose property did not border on the lake would enjoy the same rights with regard to the lake as those with shoreline property, including the installation of a pier or dock.

■ Generally an easement for ingress and egress confers only the right to pass over the land and not to control the real estate or install improvements. *Hagemeier v. Indiana & Michigan Electric Company* (1983), Ind.App., 457 N.E.2d 590, 594. However, this general proposition fails, and dominant owners of lakeside easements may gain the right to erect and maintain piers, moor boats and the like, where express language in the instrument creating the easement so provides. *Klotz v. Horn* (1990), Ind., 558 N.E.2d 1096, 1097–98, referencing *Maddox v. Katzman* (1982), Iowa App., 332 N.W.2d 347 (lot owners in platted subdivision given the express right to construct private docks); *Strevell v. Mink* (1958), 176 N.Y.S.2d 901, 6 A.D.2d 350, *aff'd* (1959), 6 N.Y.2d 850, 160 N.E.2d 89, 188 N.Y.S.2d 557 (deed expressly provided for "a right of way . . . 10 feet wide and also sufficient land on the shore of said lake for a boat house, and dock"). If the instrument is silent concerning the specific rights of the easement holder, then the trial court may allow extrinsic or parol evidence to ascertain the intent of the parties who created the easement. *Klotz*, 558 N.E.2d at 1098.

■ In this case an instrument captioned "Grant of Easement" creating the easement in favor of the dominant estate provides in relevant part:

"The undersigned, Hermon Phillips and Louise E. Phillips, husband and wife . . . hereby grant a *non-exclusive easement for ingress and egress over the following described real estate* in Steuben County,

Indiana, to wit: [legal description]. Said non-exclusive easement shall run with the following described real estate in Steuben County, Indiana, to wit: [legal description]. The above real estate includes the area between the east line and the shore of Lake James bounded by the north and south sidelines *extended to the water's edge.*

*Record* at 6. We disagree with Houk that the terms "ingress" and "egress" are unambiguous in the context of the creating instrument. A plain reading of the document suggests owners of dominant estates merely have the right to enter over and exit from certain property in order to reach Lake James. As the court observed in *Klotz*, "[G]enerally, access to a body of water is sought for particular purposes beyond merely reaching the water, and where such purposes are not plainly indicated, a court may resort to extrinsic evidence to assist the court in ascertaining what they may have been." *Id.* at 1098 quoting *Badger v. Hill* (1979), Me., 404 A.2d 222, 226.

Here the trial court did resort to extrinsic evidence to assist it in determining the purpose of ingress and egress to the lake. Specifically, Leslie Willig, who had been involved with Hermon and Louise Phillips in the development of the Phillips Bay subdivision, testified that the easement grantors intended to allow the people who owned landlocked property "to be able to jointly utilize [the] easement so that they could have essentially the same rights as they would have if they had lakefront property, except that they would have to share it." *Record* at 519. It was Willig's understanding that those rights included the use of vehicular traffic over the roadway leading to the lake as well as installing and maintaining a pier.

■ The trial court acknowledged the ambiguity of the terms "ingress" and "egress" as used in this easement thus justifying the introduction of parol evidence. However, in Conclusion Number 3, the trial court determined that a non-exclusive easement for ingress and egress does not give dominant tenants, including Easement Holders, the right to "exclusively control a portion

of the easement, or construct improvements upon the easement, or otherwise usurp for [their] own benefit that which is held in common with others." *Record* at C–132.

While we agree with the trial court's general conclusion, there is nothing in the findings suggesting that Easement Holders *exclusively* controlled any portion of the easement. Nor, do the findings suggest that Easement Holders constructed improvements upon the easement for their own benefit to the exclusion of other easement holders. Indeed, the uncontroverted evidence of record reveals that Easement Holders knew the easement was non-exclusive and thus would share their pier with other dominant estate holders. The record also reveals that boats other than those owned by Easement Holders were regularly docked at the pier during summer months. Even assuming there was evidence in the record to support Conclusion Number 3, we would nonetheless be compelled to reverse. Where special findings are entered pursuant to T.R. 52(A) we are not permitted to affirm the trial court on any evidence the record supports. Rather, we are bound by the findings and conclusions which the trial court entered. If a conclusion is unsupported by the findings of fact, then it is clearly erroneous. To the extent the judgment is based on an erroneous conclusion, then it, too, is clearly erroneous and must be reversed. *Donavan,* 537 N.E.2d at 50.

Generally, an easement granting the right of ingress and egress involves the right to pass over a party's land rather than the more extensive right to partially control and alter it. *Hagemeier v. Indiana & Michigan Elec. Co.* (1983), Ind.App., 457 N.E.2d 590, 594. At the same time, the owner of the easement possesses all rights necessarily incident to its enjoyment, and the owner of the servient estate may not interfere with such enjoyment. *Board of Comm'rs v. Joeckel* (1980), Ind.App., 407 N.E.2d 274, 277. The owner of the easement has a right to make such alterations and improvements as to make the grant effectual, provided, that an owner in common of an easement may not alter or use the land in such a manner as to render the easement appreciably less convenient and useful for other co-owners. *Id.;*

*Litzelswope v. Mitchell* (1983), Ind.App., 451 N.E.2d 366, 369–370. Finally, it is a rule of construction that in case of doubt or uncertainty a grant of an easement will ordinarily be construed in favor of the grantee. *Indiana Broadcasting Corp. v. Star Stations* (1979), 180 Ind.App. 207, 214, 388 N.E.2d 568, 573.

Applying these principles of law to the findings entered by the trial court in the instant case, we conclude that the easement was intended to allow only those uses which make the grant of the easement effectual, that is, those uses which are reasonably necessary to assure the Easement Holders meaningful access and enjoyment of the lake. Thus, we agree with the trial court's conclusion that the easement does not allow the Easement Holders to park motor vehicles on the easement property other than for the purpose of loading and unloading passengers and personal property for the length of time reasonably necessary for such loading and unloading or to store personal property, including boats and pier sections, on the easement property. However, we conclude that to assure effective access to the lake, the easement allows the Easement Holders to drive motor vehicles over and across that portion of the property which runs west to east from the roadway to the lake shore, and to install and maintain a pier or dock of appropriate size and capacity in the water of Lake James at the eastern terminus of the easement; provided, that such use is non-exclusive and does not interfere with the rights to the easement shared by all Easement Holders or with the rights retained by the servient estate.

Accordingly, Paragraphs 2.(a) and 2.(c) of the Judgment, relating to the parking of motor vehicles and the storage of personal property, are affirmed, and Paragraphs 2.(b) and 2.(d), relating to the driving of motor vehicles and the installation of a pier or dock, are reversed.

Affirmed in part and reversed in part.

BARTEAU and NAJAM, JJ., concur.