Ginger ABBS, Robert Brewster, Brenda Crim, Thomas C. Knopp, Regina S. Knopp, Richard E. Prescott, Mary Maria Prescott, A. Dial Rogers, Eloise H. Rogers, Tad Schrock, Tonia Schrock, John A. Turco, Michele R. Turco, John Lockwitz and Vivian Rarick, Appellants–Plaintiffs,

v.

TOWN OF SYRACUSE, an Indiana municipal corporation, Lorenzo Bucher, Greg Bucher, Tom Lees, Roger Karns, Paul Stoelting, L. Firestone, Mrs. George Warner, John Connolly, Jack Conley, Charles Causey, Jeff Nicodemus, M.L. Groove, Mrs. Ryland Mock, and any other persons claiming an interest in the real estate described herein, Appellees–Defendants.

No. 43A03–9503–CV–79.

Court of Appeals of Indiana.

Sept. 7, 1995.

Transfer Denied Feb. 21, 1996.

Stephen R. Snyder, Edward J. Ormsby, Beckman, Lawson, Sandler, Snyder & Federoff, Syracuse, for appellants.

Phillip R. Scaletta, Jodie L. Miner, Ice Miller Donadio & Ryan, Indianapolis, for appellees.

## OPINION

GARRARD, Judge.

This case presents the question of the extent to which a town may exercise any riparian rights [1] arising from streets and alleys which terminate at the edge of a lake.

## FACTS

On April 8, 1994, a group of individuals owning shoreline property along Syracuse Lake (plaintiffs) filed a complaint for declaratory judgment against the Town of Syracuse (Syracuse) and certain residents who had erected piers at the ends of certain public streets and alleys ending at the lake. The property owned by the plaintiffs is bordered on one side by the lake and on the other side by these public streets and alleys.

All parties filed motions for summary judgment. The trial court granted Syracuse's motion and deemed the motion of the remaining defendants moot, stating in part:

> [T]he Court makes Declaratory Judgment finding that defendant Town of Syracuse has riparian rights with respect to the streets and alleys that terminate at the water's edge of Syracuse Lake. In so finding, the Court further declares that landowners adjoining those streets and alleys may not claim exclusive riparian rights upon a claim of ownership of the underlying fee to the public ways, thereby excluding members of the public from access to the lake and may not bar the Town of Syracuse from erecting a pier into the lake from the end of the public way.

(R. at 272–73). The plaintiffs appeal the granting of Syracuse's motion for summary judgment and the denial of their motion for summary judgment.

1. Strictly speaking, property owners with land abutting a river or stream acquire riparian rights, while those with shoreline on a lake or pond acquire littoral rights. However, many jur-

## ISSUE AND DISCUSSION

We address the issue presented by the plaintiffs as follows: whether a town may benefit from the riparian rights arising from shoreline property over which the town, in its right of way, has established streets and alleys which end at the water's edge.

██ Summary judgment is appropriate only when the designated evidentiary matter shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Adams v. Inland Steel Co.* (1993), Ind.App., 611 N.E.2d 141, 143, *trans. denied.* Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial. *Id.* In our review we apply the same standard as the trial court and consider the facts in the light most favorable to the nonmoving party. *Valley Federal Savings Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, 1101.

██ The plaintiffs accurately state the law in Indiana with regard to ownership of riparian rights. Ordinarily, the ownership of the fee simple title to a lot abutting a street extends to the center of the street, subject only to an easement of the public for the use of the street. *Swaim v. City of Indianapolis* (1930), 202 Ind. 233, 171 N.E. 871, 876; *Lake County Trust Co. v. Lane* (1985), Ind.App., 478 N.E.2d 684, 688, *reh'g denied, trans. denied.* With regard to riparian rights, a riparian owner acquires his rights to the water from his fee title to the shoreland. *Baker v. Estate of Seat* (1993), Ind.App., 611 N.E.2d 149, 153; *Watson v. Thibodeau* (1990), Ind.App., 559 N.E.2d 1205, 1208. Thus, as the plaintiffs own the fee title to the land underneath the streets built on Syracuse's right of way, they also are the title-

isdictions use the term riparian to include both classes of ownership. *Hutner v. Kellogg* (1990), Ind.App., 563 N.E.2d 1338, 1339 n. 1.

holders to the riparian rights for that property.

However, this conclusion does not resolve the dispute before us. The issue is not whether Syracuse owns the riparian rights attached to the street property, but rather to what extent, if any, the public right of way includes with it the right to enjoy the riparian rights. *See Klotz v. Horn* (1990), Ind., 558 N.E.2d 1096. In *Klotz*, the issue was whether a conveyance of an easement appurtenant by warranty deed that expressly granted "access to Eagle Lake" contemplated the right of the easement holder to build a pier at the lake end of the easement on the servient parcel.[2] *Id.* at 1097. The easement holders readily conceded that they did not own riparian rights because their land did not touch the water; however, the court stated that "merely because they are not the riparian owners does not necessarily mean that they, as easement titleholders, cannot *use* the riparian rights of the servient tenant." *Id.* (emphasis in original). The supreme court found that the phrase "access to Eagle Lake" was ambiguous and remanded to the trial court to hear evidence to determine the intent of the parties creating the easement.

The plaintiffs contend that there is no ambiguity in this case, relying upon *Brown v. Heidersbach* (1977), 172 Ind.App. 434, 360 N.E.2d 614, where the court held that deeds granting the titleholders an easement or right of way to the lake did not convey riparian rights and did not give the titleholders the right to dock boats at a pier attached to the access easement. In *Klotz*, the supreme court distinguished *Brown*, noting that "in *Brown*, there was no allegation that the easement holders could not enjoy their easement to Lake George without a dock or pier." *Klotz*, 558 N.E.2d at 1099. The court further observed that in *Brown* the court found the language "access to the lake" to be ambiguous and, after examining the surrounding facts and circumstances, concluded

that the erection of a pier would greatly reduce the value of the easement and the servient estate. Thus, the court found that the intent of the creators of the easement was that riparian rights were not granted under its terms. *Id.*

The court also resorted to consideration of extrinsic evidence to determine the intent in the creation of an easement in *Metcalf v. Houk* (1994), Ind.App., 644 N.E.2d 597. In *Metcalf*, owners of a lakefront servient estate brought an action to prevent easement holders from building a pier on the lake at the end of the easement. The easement in this case granted "ingress and egress" over the servient estate "to the water's edge." *Id.* at 599. In determining that this phrase was ambiguous, the court noted that while a plain reading suggests merely the right to enter and exit the servient property to reach the lake, "generally, access to a body of water is sought for particular purposes beyond merely reaching the water, and where such purposes are not plainly indicated, a court may resort to extrinsic evidence to assist the court in ascertaining what they may have been." *Id.* at 600, quoting *Klotz*, 558 N.E.2d at 1098 (citation omitted). The court went on to note that the owner of an easement possesses all rights necessarily incident to its enjoyment, and the owner of the servient estate may not interfere with such enjoyment. *Id.* at 601 (citation omitted). Under the facts of this case, the court concluded that "the easement was intended to allow only those uses which make the grant of the easement effectual, that is, those uses which are reasonably necessary to assure the easement holders meaningful access and enjoyment of the lake." *Id.* In this particular case, effective access to the lake included the installation of a pier or dock of appropriate size, such that the use was nonexclusive and did not interfere with the rights of all easement holders or the rights retained by the servient estate. *Id.*[3]

2. The fee simple titleholder of the land on which an easement is created is the holder of the servient estate (because this land is burdened by the easement); the holder of the easement is the holder of the dominant estate. *Brown v. Heidersbach* (1977), 172 Ind.App. 434, 360 N.E.2d 614, 618 n. 4.

3. Plaintiffs attempt to distinguish *Metcalf* by arguing that a public right of way is not ambiguous and may only be used for the purposes of travel, citing *Fox v. Ohio Valley Gas Corp.* (1968), 250 Ind. 111, 235 N.E.2d 168. However, the court in *Fox* stated that a dedication of land for a

In the case before us, the streets at issue terminate at the edge of the lake. In the amended complaint for declaratory judgment, the plaintiffs do not seek to deny access to the lake via these streets but instead seek to prevent the construction of piers. As noted above, our courts have observed that access to water is generally sought for purposes beyond merely reaching the water; thus, we conclude that the public right of way is ambiguous and that the court was entitled to look to the facts and circumstances to determine the intent of the easement. However, from our examination of the record, it appears that the trial court granted Syracuse's motion for summary judgment based upon the conclusion that the town possessed riparian rights. The court did not consider evidence to determine the intent of the public right of way, and, as a court of review, we may not usurp the trial court's function of making factual findings and determinations. *See Shourek v. Stirling* (1993), Ind., 621 N.E.2d 1107, 1110. Consequently, we reverse the summary judgment granted to Syracuse and remand for further proceedings consistent with this opinion.

HOFFMAN and RILEY, JJ., concur.

highway must comprehend the expanse of future uses falling into the general category of transportation in finding that a gas company could lay its pipeline in the public highway without the consent of abutting landowners. It would seem to us that a street which terminates at the edge of a lake contemplates that the public will use the street to gain access to the lake. Such use, we believe, falls into the general category of transportation.