■ Louis Iovine et al., Appellants, v John M. Caldwell et al., Respondents. [682 NYS2d 288] —Mercure, J. P. Appeals (1)

from an order of the Supreme Court (Dawson, J.), entered December 3, 1997, which, *inter alia*, denied defendants' motion for summary judgment, and (2) from a judgment of said court, entered March 30, 1998 in Essex County, which, *inter alia*, granted defendants' motion for a default judgment on their counterclaims and dismissed the complaint.

The essential facts underlying this matter, as alleged in the pleadings, gleaned from the records in these joined appeals or conceded in the parties' briefs on appeal, follow. Plaintiffs are the owners of seven contiguous lots located in the Fraternaland subdivision in the Town of Schroon, Essex County.[1] The subdivision map shows a street (designated roadway E) abutting each of plaintiffs' lots on the west, and each of the original deeds conveying plaintiffs' lots describes the property conveyed by specific reference to the subdivision map. Defendant Hugh G. Caldwell owns a number of other lots within the Fraternaland subdivision, including so much of lot 79 as is situated on a peninsula extending into Paradox Lake at the southerly terminus of roadway E (hereinafter the peninsula parcel). Due to the presence of boulders and outcropping rock, southbound traffic on roadway E could pass no farther than the southerly line of lot 13 until approximately 1975, when Caldwell acquired title to mapped roadways E, G, H and I, removed the obstructions and made roadway E passable all the way to a home he was building on the peninsula parcel. Plaintiffs thereafter made use of roadway E to access all of their lots.

In 1991, however, Caldwell placed a pole and chain gate across roadway E, preventing access to plaintiffs' lots 11, 9, 7, 5, 3 and 1 and prompting plaintiffs to commence this action pursuant to RPAPL article 15 to, *inter alia*, compel determination of their rights to the entire length of roadway E. In defendants' answer, Caldwell asserted counterclaims: first, for judgment pursuant to RPAPL article 15 determining that he is the fee owner of the land lying within the bed of mapped roadways E, G, H and I, and that any right plaintiffs may have to access their property over roadway E "is by virtue of user or other unrecorded rights" and extends no farther than the line separating lots 11 and 13; second, for judgment enjoining plaintiffs' alleged trespass over the peninsula parcel for access to Paradox Lake. Plaintiffs' untimely reply was rejected by defendants and this Court ultimately denied plaintiffs'

---

1. Extending from south to north away from the shore of Paradox Lake, the parcels are designated lots 1, 3, 5, 7, 9, 11 and 13 of Block E on a "Map of Subdivision of Fraternaland" dated July 14, 1924 (hereinafter the subdivision map).

subsequent motion to compel its acceptance upon the ground that plaintiffs had failed to establish any excuse for their pleading default (215 AD2d 977, *lv dismissed* 87 NY2d 861). At that time, concluding that the issue was best considered by Supreme Court in the first instance, we declined to pass on plaintiffs' further assertion that the first counterclaim did nothing more than controvert the allegations of the complaint and, as such, constituted mere surplusage (*id.*).

In March 1996, defendants moved for summary judgment dismissing the complaint and for judgment on the counterclaims. Concluding that the motion was really one for a default judgment based upon plaintiffs' failure to serve a reply, but noting that defendants had not "extended [an] invitation" that "the * * * Court review the complaint as compared against the counterclaims and determine for itself whether the facts set forth in the counterclaims are put in issue by the complaint", Supreme Court denied the motion by order entered December 3, 1997. Defendants appeal.[2]

In January 1998, defendants moved, *inter alia*, for default judgment on the counterclaims and to dismiss the complaint, this time extending the "invitation" they had omitted on their prior motion. Plaintiffs cross-moved for summary judgment (1) declaring the existence of an easement over the entire length of roadway E, (2) granting them title to a portion of the roadway by virtue of their alleged adverse possession, and (3) for an easement by prescription over the peninsula parcel. Concluding that defendants were entitled to default judgment on the counterclaims, and holding plaintiffs to their claim that the issues underlying the complaint and the counterclaims were the same, Supreme Court granted defendants judgment on default granting the relief demanded in the counterclaims and, based upon the doctrine of res judicata, dismissing the complaint as well. Supreme Court also denied plaintiffs' cross motion. Plaintiffs appeal.

In our view, defendants' unrelenting procedural machinations have transformed a relatively simple property dispute into a formidable tangle of erroneous legal theories. We reject essentially all of the contentions that defendants have advanced in connection with these appeals. Turning first to the question left unanswered on the prior appeal, we now determine that because defendants' first counterclaim merely controverts the legal theory underlying the complaint and

---

2. An "amended decision and order" entered July 27, 1998, which grants defendants the same relief as that contained in the March 30, 1998 judgment, is not at issue here.

seeks the very same relief, i.e., a declaration of the parties' respective rights and obligations in roadway E, no responsive pleading was required. Serving the function of a denial or, at most, a defense, the purported counterclaim strikes us as harmless surplusage (*compare*, *Pump v Anchor Motor Frgt.*, 138 AD2d 849).

Furthermore, even if plaintiffs had been required to serve a reply, we agree with plaintiffs' additional contention that defendants' failure to seek a default judgment within one year after the default warranted dismissal of both counterclaims pursuant to CPLR 3215 (c). Notably, because the counterclaims were asserted only by Caldwell, based upon his sole ownership of the peninsula parcel and the land lying within the bed of roadway E, the death of another defendant did not serve to toll the one-year period pending substitution of a personal representative. We conclude that the one-year period within which to seek a default judgment based upon plaintiffs' failure to serve a timely reply commenced at the time of this Court's decision on the prior appeal in May 1995, was not tolled thereafter and expired long before defendants finally sought a default judgment in January 1998.

Addressing the merits of the complaint, we conclude that plaintiffs are entitled to an award of summary judgment declaring that they, as the owners of lots 1, 3, 5, 7, 9, 11 and 13 of block E as shown on the subdivision map, possess a valid and existing easement for pedestrian and vehicular ingress and egress over the entire length of roadway E, including the portion improved by Caldwell. Fundamentally, absent a showing of a contrary intent, when a deed of conveyance describes property by reference to a subdivision map that shows streets abutting the lot or lots conveyed, an easement by implication in those streets will pass with the grant (*see*, *Heim v Conroy*, 211 AD2d 868, 870; *Clegg v Grasso*, 186 AD2d 909, 910; *see also*, *Cashman v Shutter*, 226 AD2d 961, 962). Generally, the most important indicator of a grantor's intent is the appearance of a subdivision map and the language of the original deeds (*see*, *B.J. 96 Corp. v Mester*, 222 AD2d 798, 799; *Cashman v Shutter*, *supra*).

In view of the parties' concession that each of the original deeds of conveyance makes specific reference to the subdivision map and there being no evidence of any contrary intent on the part of the grantor-developer, we conclude that plaintiffs have established their right to the easement over roadway E (*see*, *Will v Gates*, 89 NY2d 778, 783-784). Significantly, the presence of the boulders and outcropping rock that previously

precluded vehicular travel on a portion of roadway E (obviously in existence at the time the subdivision map was prepared and the original deeds were delivered) strikes us as having no bearing on the issue of intent. Furthermore, plaintiffs' nonuse of the easement is insufficient to support a finding of abandonment (*see, B.J. 96 Corp. v Mester, supra,* at 800; *Strevell v Mink,* 6 AD2d 350, 353, *affd* 6 NY2d 850). We also note that the deed to Caldwell conveying title to the land lying within the bed of the mapped roadways E, G, H and I expressly "except[ed] and reserv[ed] any easements and/or rights of access [t]heretofore conveyed to any individual lot in subdivision[ ] E".

We are unpersuaded, however, by the balance of plaintiffs' summary judgment motion. Plaintiffs failed to make out a prima facie showing of adverse possession with regard to any portion of roadway E and so much of their motion as seeks a prescriptive easement over the peninsula property is dehors the pleadings. The parties' remaining contentions have either been rendered academic or have been considered and found to be unavailing.

White, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for default judgment on their counterclaims and for dismissal of the complaint and fully denied plaintiffs' cross motion for summary judgment; defendants' motion denied and plaintiffs' motion granted to the extent of declaring that the owners of lots 1, 3, 5, 7, 9, 11 and 13 of block E in the Fraternaland subdivision have a valid and existing easement by implication over roadway E; and, as so modified, affirmed.

