OPINION OF THE COURT
James D. Pagones, J.
Defendants move for an order, pursuant to CPLR 3215, granting them a default judgment against the plaintiff on the grounds that the plaintiff has failed to reply to defendants’ counterclaims. Plaintiff cross-moves for an order, pursuant to CPLR 3012 (d), extending his time to reply to defendants’ counterclaims and compelling defendants to accept service of said reply.
By way of background, on January 12, 2012, plaintiff commenced this action by filing a summons with notice and complaint. The original complaint was filed on behalf of the plaintiff by attorney Thomas F. Wood, Esq. Plaintiff’s first cause of action was brought pursuant to Real Property Actions and Proceedings Law article 15 to compel the determination of any claim adverse to those of the plaintiff with respect to the deed overlap area between the real property located in the Town of East Fishkill, New York described in the deed to plaintiff from William Probst dated November 21, 1980 and the real property owned by defendant Frank Wright, also known as Frank F. Wright and Frank Fowler Wright. The second cause of action alleges that plaintiff had become vested in fee simple absolute to the deed overlap area by adverse possession. The third cause of action asserts that the plaintiff was entitled to an easement by necessity to access a public road from his property failing the granting by the court of judgment on his first two causes of action. In March of 2014, plaintiff amended the complaint to name Claudine Fowler and the Holcombs as party defendants. Defendants served an answer with six affirmative defenses and two counterclaims on July 7, 2014. The first counterclaim seeks to compel a determination of any claims adverse to those of the defendants. The second counterclaim seeks damages pursuant to RPAPL 861 alleging that the plaintiff wrongfully entered the premises and removed several trees. The answer was served upon Thomas F. Wood, Esq., as attorney for the plaintiff. By letter dated July 15, 2014, Mr. Wood acknowledged receipt of the answer and advised that Michael Martin, Esq., of the Martin Law Group, PC. was being substituted as counsel for the plaintiff. On November 5, 2014, defendants received a copy of a notice of appearance executed *281 by Mr. Martin, but no consent to change form or reply to defendants’ counterclaims. On February 17, 2015, defendants received a copy of the plaintiff’s reply to defendants’ counterclaims executed by Mr. Martin. On March 30, 2015, defendants received a consent to change attorney form executed by Mr. Wood and Mr. Martin.
Defendants, relying on the Appellate Division, Second Department holding in Giglio v NTIMP, Inc. (86 AD3d 301 [2d Dept 2011]), state that as the defendants’ answer with two counterclaims was served upon the plaintiff’s attorney of record by mail, the time for the plaintiff to serve a reply to the counterclaims was 25 days from the date of service of the answer. Giglio states as follows:
“CPLR 3012 (a) requires that service of an answer or reply shall be made within 20 days after service of the pleading to which it responds ... A reply to the counterclaim was, therefore, due 25 days later by virtue of the five-day extension that is applicable since the reply would have been responsive to a pleading served by mail” (id. at 307).
In this action, reply to the counterclaims was served on behalf of plaintiff on or about February 10, 2015, over six months after the deadline for serving the reply. Further, the Giglio Court stated: “While counterclaims are not specifically mentioned anywhere in CPLR 3215, the statute’s legislative history reveals that it was intended to apply to claims asserted as counterclaims, cross claims, and third-party claims, in addition to those set forth in complaints” (id.).
Accordingly, it would appear that plaintiff has defaulted in timely responding to the defendants’ counterclaims. However, Mr. Martin aptly refers this court to the matter of Iovine v Caldwell (256 AD2d 974 [3d Dept 1998]), a decision of the Appellate Division, Third Department.
The Iovine case involved an action, pursuant to article 15 of the RPAPL, to compel a determination of the rights of the parties to an entire length of roadway, designated as roadway E. Defendants’ answer asserted counterclaims, seeking a determination that one of the defendants was the fee owner of the land lying within the bed of the mapped roadway and that the right plaintiffs may have to access their property over roadway E was by virtue of user or other unrecorded rights. Plaintiffs filed an untimely reply to the counterclaims, which was rejected by the defendants. A motion to compel acceptance of the reply was denied by the Supreme Court.
*282 The Iovine Court stated as follows:
“[B]ecause defendants’ first counterclaim merely controverts the legal theory underlying the complaint and seeks the very same relief, i.e., a declaration of the parties’ respective rights and obligations in roadway E, no responsive pleading was required. Serving the function of a denial or, at most, a defense, the purported counterclaim strikes us as harmless surplusage” (id. at 976-977).
As the Second Department has not offered guidance on this precise issue, the court is therefore guided by the determination of the Third Department in Iovine. As plaintiff’s first cause of action seeks a determination of his rights pursuant to article 15 of the RPAPL, and the defendants’ first counterclaim seeks a determination of defendants’ rights pursuant to the RPAPL, this court finds that no responsive pleading was required (see Iovine v Caldwell, 256 AD2d 974 [3d Dept 1998]). Additionally, defendants’ second counterclaim, seeking damages under RPAPL 861, hinges upon a declaration of the parties’ rights as to the disputed property. Thus, any judgment thereon is not warranted at this time.
Accordingly, defendants’ motion for a default judgment is denied. The cross motion is denied as academic.